PASQUALE M. DINARDO *v.* JAMES F. GELORMINO ET AL.
(2283)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued March 8—decision released July 10, 1984

*Zbigniew S. Rozbicki,* for the appellants (defendants).
*William C. Franklin,* for the appellee (plaintiff).

PER CURIAM. This is an action seeking the foreclosure of a mortgage. The defendants filed an answer containing three special defenses[1] and filed a counterclaim.[2] A state trial referee, acting as the trial court, rendered a judgment of strict foreclosure on the plaintiff's complaint and rendered judgment for the defendants on their counterclaim in the amount of $325. From the judgment, the defendants appeal.[3] The defendants claim that the trial court committed error in concluding (1) that the terms of the promissory note executed by the parties represented their complete agreement for its payment and (2) that the defendants had failed to establish the existence of an oral agreement obligating the plaintiff to complete the construction of roads and the installation of utilities for an entire subdivision, of which the defendants' real estate was a part, as a condition precedent to payment of the promissory note.

Some of the facts are undisputed. The plaintiff conveyed a lot in a subdivision to the defendants. The defendants executed a promissory note secured by a mortgage on the lot which provided that it would be due within one year of its execution or when the real estate which was secured by the note was sold, whichever event occurred sooner. The note was not paid. A

[1] The first special defense alleges that the terms of the promissory note as executed were waived and modified to provide that the note would not be due until the house constructed by the defendants on the realty was sold; the second special defense alleges that the plaintiff breached his agreement to complete the construction of roads and the installation of underground utilities needed in order to make the defendants' realty marketable; the third special defense asserts that such completion was a condition precedent to the payment of the note.

[2] The counterclaim incorporates the special defenses and seeks damages for the breach of the alleged agreement of the parties.

[3] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

house was built on the land, but it was not sold. The plaintiff had not completed construction of all of the roads in the subdivision as of the date of trial.

The trial court found as facts that the land in question was located on an accepted highway, although it fronted on a road which had not been accepted by the town; that the plaintiff had filed a bond to insure the acceptance of the proposed streets; that the note was not conditional upon the acceptance by the town of the streets; and that there was no express agreement of the parties as to the completion or acceptance of the roads nor was there any misrepresentation by the plaintiff to the defendants. The trial court further found that the plaintiff had agreed in writing to install underground utilities to service the defendants' realty but had not done so promptly, causing the defendants to expend an additional $325.

The conclusion of the trial court that the promissory note of the parties contained the entire agreement of the parties was not clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). A review of the transcript indicates that the plaintiff refused, before execution of the note, to modify its terms to provide that it would only be due upon sale of the mortgaged premises. The plain meaning of the words in the promissory note was the final word on the rights of the parties. *Zullo* v. *Smith,* 179 Conn. 596, 601, 427 A.2d 409 (1980).

The further conclusions of the trial court that there was no condition precedent to payment of the note and no oral agreement requiring the plaintiff to complete the road and utility work of the entire subdivision are not clearly erroneous. These conclusions are supported by the pleadings and the record as a whole and should not be disturbed.

There is no error.