[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff seeks a summary judgment as to the liability only of defendants Norwalk Factory Outlet Limited Partnership ("Norwalk Factory"), Rothschild Property Investors L.P. ("Rothschild Investors"), Property Associates 11 L.P. ("Property Associates"), and Rothschild North America Inc. ("Rothschild N.A.").
The complaint alleges that the aforementioned are indebted to the plaintiff under a promissory note dated November 14, 1989 in the original principal amount of $510,000. The note was executed by Norwalk Factory, a Connecticut Limited Partnership. Rothschild Investors, a Delaware limited partnership, is the general partner of Norwalk Factory. Property Associates, a Delaware limited partnership, is the general partner of Rothschild Investors. Property Associates' general partner is Rothschild N.A., a Delaware corporation.
The defendants have admitted that the plaintiff loaned $510,000 to Norwalk Factory and that Norwalk Factory executed the note which evidenced the loan. The Note is in default by virtue of the failure to pay interest due and payable on December 1, 1991.
The defendants filed an answer in which they alleged by way of special defenses that the defendants Property Associates and Rothschild N.A. are not liable on the note CT Page 1504 because they are not general partners of Norwalk Factory, that the plaintiff agreed that the Note would be non-recourse, that is, that it would look only to the security pledged from which to collect amounts due under the note and that the defendants cannot be liable for the partnership debt until the plaintiff exhausts the partnership assets.
The plaintiff argues that Rothschild Investors, Property Associates and Rothschild N.A. are liable to the same extent as Norwalk Factory.
Conn. Gen. Stats. 34-17(b) provides that "a general partner of a limited partnership shall have all the liabilities of a partner in a partnership without limited partners." All partners are jointly liable for all debts and obligations of the partnership. Conn. Gen. Stats. 34-53. Accordingly, a general partner of a partnership who has defaulted in payment under a debt is liable thereunder to the same extent as the partnership. Dayco Corp. v. Fred T. Roberts Co., 192 Conn. 497, 505, 472 A.2d 780, 785 (1984).
In the First Special Defense the defendants concede by inference that if Norwalk Factory is liable to the plaintiff under the Note, then Rothschild Investors, Norwalk Factory's general partner, is also liable. However, the defendants contend that neither Property Associates nor Rothschild N.A. are liable for the debts of Norwalk Factory, because neither is a general partner of Norwalk Factory.
The defendants assert that the chain of liability of a partner for its partnership's debt must be severed at the first and second tiers, i.e. Norwalk Factory and its general partner, Rothschild Investors. However, 34-53 expressly provides that all partners are jointly liable for all debts and obligations of the partnership.
In Gilbert Switzer Associates v. National Housing Partnership, 641 F. Sup. 150 (D.Conn. 1986) the federal district court addressed the scope of a partner's liability under Connecticut law. The plaintiff sought to enforce the unsatisfied balance of an arbitration award rendered against a general partnership ("Partnership 1") by bringing an action against Partnership 1's general partner, which was also a general partnership ("Partnership 2") and the general partner of Partnership 2, another general partnership ("Partnership CT Page 1505 3"). The court entered summary judgment against Partnership 2 and Partnership 3. If the Switzer court adopted the position urged by the defendants, it would have found that only General Partnership 2 was liable to the plaintiff and that General Partnership 3 was insulated from liability. However, the Switzer court held that both Partnership 2 and Partnership 3 were liable to the plaintiff for Partnership 1's debt.
Since each partner is liable for the debts of its partnership, Rothschild Investors, Property Associates, and Rothschild N.A. are each liable to Connecticut National to the same extent as Norwalk Factory. "To hold otherwise would insulate partners from their joint liability for partnership debt." Dayco Corp., supra, 192 Conn. at 504.
In opposition to the motion for summary judgment the defendants have submitted the affidavit of C. Cammack Morton. That affidavit admits that the Connecticut National Bank made a $510,000 loan to Norwalk Factory on November 14, 1989, that the loan is evidenced by an amended and restated mortgage note, that said note was executed by Norwalk Factory, a Connecticut limited partnership. In that affidavit Mr. Morton avers that "it was understood by the Defendants that the only party liable on the Note was the Limited Partnership, Norwalk Factory Outlet Limited Partnership. " The affidavit does not contain a statement that Connecticut National Bank either represented or understood that the Note would be nonrecourse as to all defendants except Norwalk Factory. The understanding that the defendants may have had as to the extent of their liability under the promissory note is legally insufficient to create a material issue of fact for purposes of summary judgment. The plain meaning of the words in a promissory note is the final word on the rights of the parties. DiNardo v. Gelormino,2 Conn. App. 275, 477 A.2d 694 (1984); Zullo v. Smith,179 Conn. 596, 601, 427 A.2d 409 (1980). The effect of a contract is determined by the intent expressed in it and not by an intent which may have been in the minds of the parties. Thompson and Peck, Inc. v. Harbor Marine Contracting Corp.,203 Conn. 123, 130-131, 523 A.2d 1266 (1987); Sturman v. Socha, 191 Conn. 1, 10, 463 A.2d 527 (1983). Nothing in the language of the Note indicates that the Note is nonrecourse.
In the affidavit Mr. Morton further states that CT Page 1506 defendants Rothschild Investors, Property Associates and Rothschild N.A. did not specifically execute the Note and, therefore, were not liable thereon. However, in the same affidavit Mr. Morton admits that Norwalk Factory did execute the Note. A review of the Note indicates that Norwalk Factory executed the Note to the same degree as the other defendants, that is, by signature of Mr. Morton.
Mr. Morton further avers that he signed the promissory note in accordance with an internal memorandum attached to the affidavit and had no authority to bind Rothschild N.A. to a recourse instrument. This statement is also legally insufficient to create a material issue of fact because the affidavit contains no indication that Connecticut National Bank was aware of the claimed limitation on Mr. Morton's authority. Parties who deal with an agent are not bound by a limitation in the powers of the agent unless they have knowledge of such limitation. Conte v. Dwan Lincoln-Mercury, Inc., 172 Conn. 112, 374 A.2d 144 (1976).
The affidavit further states that the court lacks personal jurisdiction over Rothschild N.A. because that corporation is not licensed to do business in Connecticut and does not do business in this state. Pursuant to Practice Book 144, any claim of lack of personal jurisdiction is waived if not raised by a motion to dismiss filed before a defendant's answer and within 30 days of the filing of the defendant's appearance. Since Rothschild N.A. filed its appearance on or about May 8, 1992 and its answer on or about July 10, 1992, it has waived its right to challenge the personal jurisdiction of this court. Moreover, the failure of a foreign corporation to obtain a certificate of authority to conduct business in this state does not impair the validity of any contract or act of such corporation and does not prevent such corporation from defending any action in any court in Connecticut. Conn. Gen. Stats. 33-412 and 33-520.
Nothing in the affidavit presented in opposition to the motion for summary judgment creates a material issue of fact. For the reasons set forth above, the plaintiff is entitled to a summary judgment as a matter of law against the defendants Norwalk Factory Outlet Limited Partnership, Rothschild Property Investors L.P., Property Associates II L.P., and Rothschild North America, Inc. CT Page 1507
BY THE COURT: Aurigemma, J.