[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The complaint in this action alleges that by promissory note (the Note) dated September 16, 1988, the defendant as maker promised to pay to the order of the plaintiff the principal sum of $225,000. The note provided that a default in payment of any installment when due would render the whole of said Note immediately due and payable at the option of the holder. To secure the Note the defendant mortgaged to the plaintiff's predecessor the property located at 163 Girard Avenue, Hartford, Connecticut. The complaint further alleges that on July 1, 1992 and every month thereafter, the defendant failed to pay principal and interest due under the terms of the Note. In his answer the plaintiff has interposed the following special defenses:
 First Special Defense — The plaintiff agreed to extend additional time for the defendant to make payments providing that the defendant provided certain financial information and listed the property for sale with a real estate agent which the defendant has done.
 Second Special Defense — The defendant offered to convey the property to the plaintiff by deed in lieu of foreclosure. The plaintiff was unwilling to accept the proposal and for that reason the defendant should not be liable for additional interest which is accruing. CT Page 6711-AA
Practice Book Section 164 provides in relevant part:
 No facts may be proved on either a general or special denial except as show that the plaintiffs' statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989); Mingachos v. CBS,196 Conn. 91, 491 A.2d 368 (1985). A motion to strike admits facts well pleaded but does not admit the truth or accuracy of opinions or legal conclusion stated in the pleadings. Mingachos v. CBS, supra, 108. In ruling on a motion to strike the court is limited to the facts alleged in the complaint, and those facts must be construed in the manner most favorable to the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988); Meredith v. Police Commission, 182 Conn. 138,140, 438 A.2d 27 (1980). When construed in manner most favorable to the defendant the first special defense may be read as alleging a modification of the terms of the Note whereby time for payment under the Note would be extended if the defendant did certain acts which he claims to have done. A promissory note may be modified by an oral agreement between the parties. Dinado v. Gelormino, 2 Conn. App. 275, 277, 477 A.2d 694 (1984); Pearl v. Case, 3 Conn. App. 111, 114, 485 A.2d 1331 (1985). Therefore, the Motion to Strike the First Special Defense must be denied.
In Bank of Boston Connecticut v. Platz, 41 Conn. Sup. 587
(1981) (Satter, J.) the court considered a motion to strike a special defense which alleged that the mortgagors had tendered a quit claim deed which was refused by the mortgagee. The court granted the motion to strike and held that the tender by the mortgagors of the deed to the property being foreclosed did not state a valid defense to the mortgagee's action to recover interest, cost, and attorneys' fees accruing after tender.
The court in Platz reasoned that "the general rule is that both payment of, and tender of payment of the debt must be in money, unless the parties agree otherwise, or the obligee consents to accept some other medium of payment. 60 Am.Jur.2d, Payment 32. Tender has been defined by the Supreme Court as `an offer CT Page 6711-BB to pay a debt . . . [and] the offer to pay involves, as a general rule, the actual production of the money and the placing of it in the power of the person entitled to receive it.'" Id. 32, citing Mayron's Bake Shop, Inc. v. Arrow Stores, Inc., 149 Conn. 149, 155-156,176 A.2d 574 (1961); Hall v. Appel, 67 Conn. 585,135 A. 524 (1896). The court in Platz also noted that the offer of a deed is not tender of full because of the potential questions of the validity of conveyed by the deed. The offer of a deed in lieu of foreclosure may present a myriad of problems to a lender which the lender does not encounter if it obtains a judgment of foreclosure. One such problem is the adequacy of the consideration from the mortgagee to the mortgagor for a deed of the equity of redemption. The court in Cohn v. Bridgeport Plumbing Supply Co. Inc., 96 Conn. 696, 706,115 A. 328 (1929) stated that the mortgagor may release the equity of redemption to the mortgagee for a good and valuable consideration when done voluntarily without fraud and when no undue influence has been brought to bear upon him by the creditor.
Another problem a lender faces in accepting a deed in lieu of foreclosure is that of merger. The general rule is that where a mortgagee acquires the equity of redemption in mortgaged premises and there is no intermediate estate so that the whole title becomes vested in him, merger of the mortgage interest into the fee occurs in the absence of evidence of a contrary intention or prejudice resulting to the mortgagee. Glotzer v. Keyes, 125 Conn. 227, 235,5 A.2d 1 (1939). A merger of the legal and equitable interest in the property can occasionally place the lender in worse position that if it had foreclosed. The most common and notable example of this situation occurs when there are subsequent encumbrances. Since the mortgage has been extinguished, the lender has no mechanism for foreclosing out the subsequent creditors. The tender of a deed in lieu of foreclosure is not equivalent to payment of the underlying mortgage debt and the mortgagee's refusal to accept such a deed does not defeat its right to foreclose the mortgage.
For the foregoing reason the Motion to Strike the Second Special Defense is granted.