[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Connecticut National Bank (CNB) brings this foreclosure action alleging that the defendants have defaulted on a note payable to CNB. The note was secured by a mortgage on defendants' home, which mortgage CNB now seeks to foreclose. The defendants have interposed four special defenses and a three count counterclaim. The first special defense alleges that the plaintiff did not notify the defendants that they were entitled to homeownership counseling as required by12 U.S.C. § 1701x(c)(5). The second special defense alleges that CNB, through its attorney in this action, has violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. The third special defense alleges that CNB has breached the duty of good faith and fair dealing by its violations of the aforementioned statutes. The fourth special defense, although not mentioning the Connecticut Unfair Trade Practices Act (CUTPA) or 42-110 et seq., can only be read as a claim that CNB violated CUTPA by its violations of the aforementioned statutes.
The defendants' first count of the counterclaim alleges that CNB violated both of the above federal statutes and that these violations constitute a CUTPA violation. The second count alleges a claim under the FDCPA. The third count claims that plaintiff breached its duty of good faith and fair dealing by its violations of the aforementioned statutes. The plaintiff now moves to strike all the defenses and the entire counterclaim as legally insufficient; defendants object to the motion to strike.
The plaintiff claims that the FDCPA is inapplicable because it is not a debt collector within the meaning of the statute, and the FDCPA only proscribes the activities of debt collectors. A debt collector is
 any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or CT Page 7588 asserted to be owed or due another.
15 U.S.C. § 1692a(6). By definition, it is beyond peradventure that a creditor collecting its own debt is not a debt collector. "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors. . . ." Perry v. Stewart Title Co., 756 F.2d 1197,1208 (5th Cir. 1985); see also Kizer v. Finance America Credit Corp., 454 F. Sup. 937, 939 (N.D. Miss. 1978).
It is abundantly clear from the pleadings in this case that CNB is a creditor of the defendants trying to collect its own debt. Therefore, the FDCPA is irrelevant to this case and the second special defense and second count of the counterclaim are legally insufficient and is stricken.[1] Additionally, the FDCPA cannot logically be part of or the basis of a CUTPA claim or breach of good faith and fair dealing claim and is therefore stricken from those defenses and claims as well.
Defendants' remaining special defenses and counts of the counterclaim, whether sounding in CUTPA or breach of the duty of good faith and fair dealing, have as their predicate plaintiff's alleged failure, which must be accepted as true, to comply with12 U.S.C. § 1701x(c)(5). This section requires a creditor to give notice to an eligible homeowner of the availability of homeownership counseling, provided either by the creditor or a nonprofit organization, whenever a homeowner fails to pay any amount when it is due. Accepting defendants' allegations as true and construing them in their favor; Quimby v. Kimberly Clark Corp., 28 Conn. App. 660, 664 (1992); the defendants have sufficiently pled the applicability of the statute and CNB's failure to comply with it.
Although the plaintiff is correct in claiming that this statute does not create any private right of action, it is nevertheless a codification of an important public policy in these recessionary times of preventing foreclosures of individual's homes by early intervention. Both CUTPA and the duty of good faith and fair dealing are inextricably intertwined with alleged violations of public policy. See, e.g., Cheshire Mortgage Services, Inc. v. Montes, 223 Conn. 80, 105-106 (1992) (one factor in evaluating whether act or practice violates CUTPA is whether it "without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise. . . ."); CT Page 7589 Doherty v. Sullivan, 29 Conn. App. 736, 743 (1992) ("[i]n the absence of a public policy violation, there is no breach of the implied covenant of good faith and fair dealing.") Accordingly, plaintiff's alleged violation of 12 U.S.C. § 1701x(c)(5), a codification of an important public policy, may properly be the base upon which CUTPA and breach of good faith and fair dealing claims may lie. It may not, however, be its own special defense as there is no law to indicate that plaintiff's alleged failure to comply with the statute, by itself, could act as a defense to a foreclosure action. This defense is therefore stricken.
Although a violation of 12 U.S.C. § 1701x(c)(5) can be the underpinning of a CUTPA claim, the issue remains as to whether a claim of a violation of CUTPA can properly be a defense in a foreclosure action. In Cheshire Mortgage, supra, our Supreme Court allowed a CUTPA counterclaim in a foreclosure action. Id., 115-116. It is therefore appropriate here and the motion to strike the CUTPA counterclaim is denied. The court also allowed the defendants' special defenses to stand which alleged violations of statutes, which statutes formed the basis of the defendants' counterclaim. Although the court did not hold that a CUTPA special defense would be valid, this case provides support for the proposition that a special defense, founded upon a violation of a federal statute, may be a defense to a foreclosure action. Therefore, the motion to strike the CUTPA special defense is denied.
Our Supreme Court has never addressed the issue of whether the implied covenant of good faith and fair dealing is a proper defense in a foreclosure proceeding, but it has stated that "[e]very contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." (Emphasis added.) (Citation omitted.) Habetz v. Condon, 224 Conn. 231, 238 (1992). "There is no logical reason why good faith and fair dealing should be excluded from contractual arrangements involving mortgages, and therefore, breach of a covenant of good faith and fair dealing may be asserted in a foreclosure action." (Citation and internal punctuation omitted.) Citicorp Mortgage, Inc. v. Kerzner,8 Conn. L. Rptr. 229, 230 (January 15, 1993, Curran, J.). Because defendants have sufficiently pled plaintiff's failure to comply with 12 U.S.C. § 1701x(c)(5), which represents an important public policy, they have sufficiently pled a breach of the implied covenant of good faith and fair dealing and the motion CT Page 7590 to strike the third special defense and the third count of the counterclaim is denied.
Accordingly, defendants' second special defense and second count of the counterclaim, alleging violations of the FDCPA, are stricken as legally insufficient, as well as references to the act in the other defenses and counts. Additionally, the first special defense simply alleging plaintiff's failure to comply with 12 U.S.C. § 1701x(c)(5) is stricken as legally insufficient. The remaining defenses and counts in the counterclaim, premised on CUTPA violations and breach of the duty of good faith and fair dealing because of plaintiff's alleged failure to comply with the above statute, state legally sufficient claims and the motion to strike is denied as to those counts and defenses.
LEHENY, JUDGE