[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Pinney, Payne, VanLenten, Burell, Wolfe Dillman for plaintiff.
Pober Ross for defendants.
MEMORANDUM OF DECISION
The instant action is a foreclosure proceeding in which the defendants have filed four special defenses. The first of those four declares that "the plaintiff has failed to comply with the notice requirements under paragraph 19 of the mortgage deed regarding acceleration and enforcement of the subject mortgage deed, and therefore, the plaintiff is barred from enforcing the subject mortgage deed or otherwise prosecuting this foreclosure case."[1] The plaintiff, in its motion to strike, argues that the defendants' revised first special defense does not fall within any of the recognized defenses to a foreclosure action, and is therefore legally insufficient and should be stricken. Conversely, the CT Page 2123-I defendants respond that a failure to comply with notice requirements relates to the making, validity and enforcement of the note which is the subject of the complaint.
A special defense alleging that a mortgagee has failed to provide adequate notice in compliance with the terms of a mortgage deed was allowed in foreclosure action. See Fortune SavingsBank v. Thibodeau, Superior Court, Judicial District of New Haven at New Haven, No. 330358 (Nov. 18, 1992, Vertefeuille, J.). The same holding also was announced where a special defense alleged that a mortgagee failed to provide adequate notice pursuant to the terms of a note. See Shoreline Bank Trust Co. v. Steven Leninski, 8 CSCR 570 (March 19, 1993, Celotto, J.); Ostrager v. Hasiuk, Superior Court, Judicial District of Tolland at Rockville, No. 45414 (May 9, 1991, Dunn, J.). However, "[i]n deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint [citations omitted]; and cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) Liljedahl Bros., Inc. v.Grigsby, 215 Conn. 345, 348. A motion to strike which imparts facts from outside the pleadings is an improper "speaking motion to strike." Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181,182-83.
Indeed this court is limited to the facts alleged in the defendants' first special defense and cannot be aided by the assumption of any facts not alleged in that special defense. Union Trust Companyv. Cuff, Superior Court, Judicial District of Hartford/New Britain at Hartford, No. 503489 (January 26, 1993, Hennessey, J.). The plaintiff's assertion in its supporting memorandum that the revised first special defense is based upon the aforementioned provision in the mortgage at issue which is not before the court and therefore relies on facts outside the pleadings. The plaintiff's motion to strike the first special defense is, accordingly, denied.
The second special defense recites that the plaintiff is estopped from some or all of the relief and remedies requested by it in this foreclosure action, because it breached the covenant of good faith and fair dealing when it refused the defendants' offer of a deed in lieu of foreclosure in 1992. It contends that the second special defense is not a recognized defense to a foreclosure action, and that this court struck virtually the same defense in a previous memorandum of decision.
The defense responds that this special defense differs from that CT Page 2123-J previously stricken in that it alleges a failure to accept a deed in lieu of foreclosure, a recognized defense to a foreclosure action, as compared with the previous allegation of the plaintiff's conduct in not advancing funds which constituted a breach of good faith and fair dealing.
The general rule with regard to tender of payment is that both payment of and tender of payment of the debt must be in money, unless the parties agree otherwise. An offer of the deed is not tender of full payment because of potential questions of the validity of title conveyed by the deed. Bank of Boston v. Platz,41 Conn. Sup. 587, 589. Other problems a lender may face in accepting a deed in lieu of foreclosure are that of adequacy of the consideration for a deed of the equity of redemption and the potential problem of the merging of the legal and equitable interests in the property where a lender can be placed in a worse condition than if it had foreclosed, especially where subsequent encumbrances exist. See First Federal Savings and Loan Association v. Karim,8 CSCR 854 (July 14, 1993, Aurigemma, J.).
In this proceeding, the plaintiff has alleged that encumbrances exist which are subsequent to the plaintiff's mortgage and are therefore affected by this action. Where junior encumbrancers exist who may claim an interest in the property, a bank is justified in refusing a tendered deed due to title problems. Federal NationalMortgage Association v. Theodore Dombrowski, 8 CSCR 635
(June 28, 1993, Berger, J.). As stated in First Federal Savingsand Loan Association v. Karim, supra, "[t]he tender of a deed in lieu of foreclosure is not equivalent to payment of the underlying mortgage debt and the mortgagee's refusal to accept such a deed does not defeat its right to foreclose the mortgage." The motion to strike the second special defense is granted.
The defendants allege that the plaintiff is estopped from maintaining this foreclosure action for its failure to comply with the requirements of 12 U.S.C. § 1701x in their third special defense. The plaintiff argues that the defendants have not sufficiently pled that they fall within the purview of Sec. 1701x. In contrast, defendants' response is based on Connecticut NationalBank v. Carbonella, 8 CSCR 1010 (October 11, 1993, Leheny, J.), that they have sufficiently pled the applicability of the statute.
This posture arises out of a misreading of Carbonella. The court in Carbonella held that 12 U.S.C. § 1701x does not create a private right of action and that an alleged violation of that CT Page 2123-K statute is not, by itself, a sufficient special defense to a foreclosure action, and accordingly struck the special defense alleging such a violation. Carbonella did state, however, that a violation of 12 U.S.C. § 1701x MAY provide a basis for a CUTPA and breach of the duty of good faith and fair dealing claim. Were Carbonella
the persuasive authority the defendants claim it be, they have not sufficiently pled that they fall within the purview of the statute. That Sec. 1701x(c)(4) provides, in part, that an applicant for a mortgage shall be eligible for home ownership counseling under this subsection if the applicant is a first time home buyer who meets the requirements of Sec. 303(b)(1) of the Cranston-Gonzalez National Affordable Housing Act, and the mortgage involves a principal obligation in excess of 97 percent of the appraised value of the property and is to be insured pursuant to Sec. 203 of the National Housing Act. Section 1701d(c)(4). The defendants' third special defense falls from its failure to offer allegations. The motion to strike the third special defense is granted.
The fourth and last special defense asserts that the plaintiff is engaged in the conduct of trade and commerce and based upon the plaintiff's wrongful conduct as alleged in the first three special defenses, "the plaintiff engaged in a continuing course of unfair, deceptive and misleading acts or practices" which constitutes a violation of CUTPA. The response to this hypothesis is that although CUTPA provides for a private cause of action, it has not been approved as a defense. The defendants cite two cases standing for the proposition the defendants' suggest.
At the outset, while a motion to strike admits all facts well pleaded, it does not admit legal conclusions. Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). Moreover, "[a] special defense requires pleading of facts which are consistent with the plaintiff's statement of facts, but show, nevertheless, that the plaintiff has no cause of action." (Citation omitted.) Bank ofNew Haven v. Liner, Judicial District of Ansonia/Milford at Milford, No. 034516 (April 2, 1993, Curran, J.).
The special defense raised by the fourth special defense is not only conclusory, but it fails to show that the plaintiff has no cause of action. While this court has great respect for the courts cited by the defendants, the fourth special defense as it relates to the facts of this case does es not address the making, validity, or enforcement of the mortgage which is the subject of this foreclosure, and is therefore not a valid special defense. The plaintiff's motion to CT Page 2123-L strike the defendants' fourth special defense is, accordingly, granted.
Moraghan, J.