[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 28, 1994, the plaintiff, Premier Roofing Company ("Premier"), filed a six count complaint against the defendants, CT Page 1934 Insurance Company of North America ("INA") and Saturn Construction Co. ("Saturn"). On October 15, 1993, Premier voluntarily withdrew its action against Saturn. The allegations remaining against INA set forth the following facts.
Saturn entered into a contract with the State of Connecticut to act as the general contractor and furnish equipment in connection with a construction project at the Western Connecticut Correctional Center. On May 22, 1990, Premier, a subcontractor, and Saturn entered into a contract for Premier to install roofing at the correctional facility for the price of $828,000. The parties subsequently amended the contract to add further work in the amount of $304,088. The state accepted as satisfactory all of the work performed by Premier. Saturn has not paid Premier despite Premier's demands.
Due to the cost of the project at the Correctional Center, General Statutes, Sec. 49-41 required Saturn to provide a surety bond to the state to protect all individuals who supplied labor on the correctional center job. On October 24, 1989, Saturn enlisted INA to act as the surety on the project. INA, on behalf of Saturn, provided a $17,650,000 bond to the State of Connecticut. The bond covered damage suffered by Premier as a result of Saturn's nonpayment for services. On January 22, 1992, within one hundred eighty (180) days of its completion of work, Premier made a written demand upon the bond to INA in accordance with General Statutes, Sec. 49-42. To date, INA has not paid Premier any monies under the bond, nor has INA disclosed to Premier any reasons for its nonpayment as required by statute.
Premier alleges in count one of its complaint that INA's failure to remit the monies due is a violation of the duty to pay on the bond imposed by General Statutes, Sec. 49-42. In count two, Premier alleges violations of the Connecticut Unfair Trade Practices Act, General Statutes, Sec. 42-110a et seq. ("CUTPA") and the Connecticut Unfair Insurance Practices Act, General Statutes, Sec. 38a-815 et seq. ("CUTPA").
On November 1, 1993, the court granted Premier's motion to stay this matter pending the outcome of an arbitration proceeding. On April 11, 1994, the court dissolved the stay. On June 28, 1994, INA filed a motion to extend the time in which to file responsive pleadings, which this court granted on November 4, 1994, allowing INA until December 1, 1994 to plead. On August 15, 1994, INA filed a motion to strike count two of Premier's CT Page 1935 complaint alleging CUTPA and CUIPA violations. On August 31, 1994, Premier filed an objection to INA's motion. Thereafter, the parties each filed two supplemental briefs in support of their respective positions.
INA argues that its motion to strike should be granted since Premier has not alleged any unfair or deceptive course of conduct to support its CUIPA claim. Further, INA argues that if the CUIPA claim fails, then so must the CUTPA claim, because a valid CUIPA violation is a condition precedent to prevailing on a CUTPA cause of action.
In response, Premier makes two arguments: first, it argues that INA's motion to strike is time barred; second, Premier argues that INA's violation of General Statutes, Sec. 49-42, combined with their failure to process its claim against the bond in good faith, provides a basis for CUIPA and CUPTA violations.
"`The purpose of a motion to strike is to' contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992); Practice Book, Sec. 152. A motion to strike is the proper vehicle to test the legal sufficiency of a CUTPA claim. Ivey, Barnum O'Mara v. Indian Harbor Properties,190 Conn. 528, 530, 461 A.2d 1369 (1981). The court should decide a motion to strike only on grounds raised by the movant. Blancatov. Feldspar Corporation, 203 Conn. 34, 44, 552 A.2d 1235 (1987); Practice Book, Sec. 152.
"In considering the ruling upon the motion to strike . . . [the court is] limited to the facts alleged in the complaint."King v. Board of Education, 195 Conn. 90, 93, 486 A.2d 1111
(1985). The motion to strike admits all well pleaded facts.Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). In deciding the motion "[t]he court must construe the facts in the complaint most favorably to the plaintiff"; Novametrix MedicalSystems v. BOC Group, Inc., supra, 215; and examine the allegations in the light most beneficial to sustaining the sufficiency of the pleading. Michaud v. Wawruck, 209 Conn. 407,408, 551 A.2d 738 (1988).
I. TIMELINESS OF INA'S MOTION TO STRIKE
This court granted INA's motion for an extension of time CT Page 1936 within which to file responsive pleadings on November 4, 1994, allowing INA until December 1, 1994 to file its responsive pleadings. INA filed its motion to strike on August 15, 1994. A motion to strike is a pleading. Practice Book, Sec. 112(4). Although the granting of the extension of time within which to file responsive pleadings has a retroactive effect in this case, INA's motion to strike is timely and properly before the court.
II. VIABILITY OF THE PLAINTIFF'S CUIPA CLAIM
Our Supreme Court has held that in order to establish a cause of action under CUIPA, "the defendant's alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a `general business practice' as required by 38a-816(6)." Lees v. Middlesex Ins. Co.,229 Conn. 842, 849, 643 A.2d 1282 (1994).
In this case, Premier has not alleged any facts which support a finding that INA engaged in any unfair general business practices. Premier alleges that INA acted in an unfair and deceptive fashion in regard to the handling of its particular claim on the surety bond. Since Premier has not alleged any facts which establish an unfair pattern of business practices by INA, the portion of count two which alleges that INA violated CUIPA is stricken.
III. VIABILITY OF THE PLAINTIFF'S CUTPA CLAIM
In its complaint, Premier has alleged that INA contravened CUTPA when it violated General Statutes, Sec. 49-42. CUTPA provides, in pertinent part, that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes, Sec. 42-110b(a). "The policy behind CUTPA is to encourage litigants to act as private attorneys general and to bring actions for unfair or deceptive trade practices." Hernandezv. Monterey Village Assoc., Ltd., 17 Conn. App. 421, 425,553 A.2d 617 (1989). CUTPA is a remedial statute and must be construed liberally in an effort to effectuate its public policy goals. Web Press Services Corporation v. New London Motors, Inc.,203 Conn. 342, 354, 525 A.2d 57 (1987). A CUTPA claim may be based on an isolated unfair or deceptive act on the part of the defendant. See Michael J. Stula Agency v. Wasniewski, 9 CSCR 159
(January 27, 1994) (Austin, J.); Barraco v. Ethel Allan, Inc., CT Page 1937 Superior Court, JD of Stamford at Norwalk, DN. CV9008-1801 6 CONN. L. RPTR. 176 (February 6, 1992) (Leheny, J.).
In determining when a practice is unfair under CUTPA, the Supreme Court has `"adopted the criteria set out in the `cigarette rule' by the federal trade commission . . . `(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businessmen]. `[Citations omitted.]'" Cheshire Mortgage Service, Inc. v. Montes, 223 Conn. 80,105-06, 612 A.2d 1130 (1992).
Premier has alleged, inter alia, that INA failed to conduct a good faith investigation of its claim, INA failed to affirm or deny coverage within 90 days after labor ceased, INA did not provide written notice to Premier containing the reasons for their denial of liability, INA refused to pay all portions of the claim not subject to a good faith dispute, INA did not attempt in good faith to effectuate a prompt settlement after liability became clear and INA compelled the plaintiff to institute litigation, all in violation of General Statutes, Sec. 49-42. Premier contends that based on the violation of the public policy embodied in section 49-42, a CUTPA cause of action is sufficiently alleged. INA argues in response that absent a CUIPA violation, a CUTPA claim cannot stand.[1]
Our Supreme Court has held that "CUTPA may authorize a cause of action that builds upon the public policy embodied in specific statutory provisions" as long as they are "consistent with the regulatory principles established by the underlying statutes."Mead v. Burns, 199 Conn. 651, 665, 509 A.2d 11 (1986). Several different statutory violations have been held to supply a sufficient basis for a CUTPA claim. See, e.g., Cheshire MortgageService, Inc. v. Montes, supra, 107-10 (violation of Federal Truth in Lending Act's public policy of promoting the informed use of consumer credit and violation of General Statutes, Sec. 36-224l's public policy of protecting consumers of credit provide a sufficient basis for a CUTPA claim); Conaway v. Prestia,191 Conn. 484, 491, 464 A.2d 847 (1983) (violations of General Statutes, Secs. 47a-57 and 47a-5 requiring landlord to obtain a CT Page 1938 certificate of occupancy prior to renting to tenant provides a sufficient basis for a CUTPA claim); Connecticut National Bank v.Carbonella, 8 CSCR 1010, 1010-11 (August 19, 1993, Leheny, J.) (violation of 12 U.S.C. § 1701x(c)(5) which requires creditor to give homeowner notice of credit counseling opportunities provides sufficient basis for CUTPA claim); Lenz v. CNA AssuranceCompany of Connecticut, 6 Conn. L. Rptr. 55, 56 (1992) (Maiocco, J.) (wrongful discontinuance of workers' compensation benefits by carrier in violation of General Statutes, Sec. 31-296a provides a basis for a CUTPA claim). The question before the court is whether General Statutes, Sec. 49-42
is sufficiently linked to a public policy to provide a basis for a CUTPA claim.
Section 49-42 requires that the surety make payment to the claimant within ninety (90) days of the service of the notice of claim upon the surety. If a good faith dispute exists, section49-42 requires the surety to forward notice of the dispute to the claimant. Section 49-42 also awards attorneys fees if the claim or the surety's denial of liability is without substantial basis in fact or law. It also provides that interest and costs are recoverable by the prevailing party. Id. Further, an action on the bond receives preferential treatment on the trial list. Id. General Statutes, Sec. 49-42 "is a remedial statute enacted to provide security for workers and materials suppliers unable to avail themselves of the protection of a mechanic's lien. . . . [Citation omitted.] Because `[t]he statutory requirement of a bond is designed to protect and benefit those who furnish materials and labor to the contractor on public work, in that they may be sure of payment of their just claims, without defeat or undue delay . . . such statutory provisions are to be liberally construed.'" Okee Industries. v. National Grange MutualIns., 225 Conn. 367, 373, 623 A.2d 483 (1993).
In Blakeslee Arpaia Chapman v. U.S.F. G. Co.,11 Conn. L.Rptr. 169, 175-76 (March 4, 1994, Hurley, J.), the court held that the defendant's alleged violation of General Statutes, Sec.49-42 could provide a basis for the plaintiff's CUTPA claim notwithstanding the fact that the plaintiff's CUIPA claim must be dismissed. Judge Hurley reasoned that since both section 49-42
and CUTPA are remedial statutes which must be construed liberally, a violation of section 49-42 provided the foundation for a CUTPA cause of action. Id., 176.
In the present case, Premier not only alleges that INA CT Page 1939 violated General Statutes, Sec. 49-42, but also that INA, as surety, failed to act in good faith in handling its demand on the bond. "`Suretyship' is a contractual relationship `resulting from an agreement whereby one person, the surety, engages to be answerable for the debt, default, or miscarriage of another, the principal'. . . . [Citation omitted.] `The surety makes a direct promise to perform the obligation in the event the principal obligor fails to perform.'" Blakeslee Arpaia Chapman, Inc. v.U.S.F. G. Co., supra, 174. In the present case Premier alleges that Saturn has failed to perform. Therefore INA must step into their shoes.
In every contract there is an implied covenant of good faith and fair dealing. Habetz v. Condon, 224 Conn. 231, 238,618 A.2d 501 (1992). The implied covenant of good faith and fair dealing requires "that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Id.
"Both CUTPA and the duty of good faith and fair dealing are inextricably intertwined with alleged violations of public policy"; Connecticut National Bank v. Carbonella, supra, 1010; because "[i]n the absence of a public policy violation, there is no breach of the implied covenant of good faith and fair dealing." Doherty v. Sullivan, 29 Conn. App. 736, 743,618 A.2d 56 (1992). One factor which militates in favor of the finding of a CUTPA violation is where an act or practice "offends public policy as it has been established by statutes, the common law, or otherwise. . . ." Cheshire Mortgage Services, Inc. v. Montes, supra, 105-06.
In the present case, INA's violation of General Statutes, Sec. 49-42 combined with its failure to act in good faith in its duties as surety offends public policy and provides a basis for a CUTPA cause of action. Section 49-42 is a remedial statute designed to protect and benefit subcontractors, like Premier, who furnish materials and labor to the general contractor on a public project. The statute provides for the prompt payment of just claims where the general contractor fails to pay for services rendered. Here, Premier has alleged that INA not only failed to pay its just claim but also that INA failed to comply in any fashion with the notice requirements of the statute.[2]
Moreover, the plaintiff alleges that the defendant failed to act in good faith in carrying out the mandatory duties of General Statutes, Sec. 49-42.[3]
CT Page 1940
"In view of the remedial aspects contained in both sections49-42 and CUTPA, and in light of the liberal construction afforded these statutes"; Blakeslee Arpaia Chapman v. U.S.F. G.Co., supra, 176; combined with Premier's allegations that INA failed to proceed in good faith in handling Premier's demand on the bond, the court finds that INA's actions sufficiently implicate public policy to allow Premier to maintain its CUTPA claim.
Therefore, INA's motion to strike Premier's CUIPA claim is granted and INA's motion to strike Premier's CUTPA claim is denied. CT Page 1941
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]