[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 106
CT Page 12319
On June 6, 1995, the plaintiff, Sarah C. Kashetta, filed a five count revised complaint against the defendants, Betty and Fred Robertucci, arising out of the sale of a home by the Robertuccis to Kashetta. The revised complaint alleges in the first count that the Robertuccis innocently misrepresented to Kashetta that "the septic system located at the Premises `required only normal maintenance and cleaning and has functioned properly.'" Kashetta further alleges that the "septic system was not functioning properly" and that she purchased the property in reliance on the representations of the Robertuccis. The second count sounds in fraud, the third count in unjust enrichment, the fourth count alleges that "[t]he representations of defendants as alleged constitute fraudulent representations and reckless representations" and the fifth count recites a violation of CUTPA, General Statutes § 42-110b et seq.
On June 28, 1995, the Robertuccis filed a motion to strike Kashetta's complaint on the ground that none of the five counts set forth sufficient facts to support the causes of action that they purport to allege. Therefore, the Robertuccis request the court to strike each and every count of Kashetta's complaint.
Kashetta elected not to file a memorandum in opposition.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In considering the ruling upon the motion to strike . . . [the court is] limited to the facts alleged in the complaint." King v. Board of Education, 195 Conn. 90, 93,486 A.2d 1111 (1985). "`The court must construe the facts in the complaint most favorably to the plaintiff.'" Novametrix MedicalSystems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215.
Further, "[a] formalistic or highly technical construction of pleadings is contrary to a proper view of pleading requirements.O'Brien v. Seyer, 183 Conn. 199, 210-11, 439 A.2d 292 (1981). `[S]light linguistic ambiguity' does not serve to nullify a cause of action which is sufficiently raised to notify the defendant of its existence. Schenck v. Pelkey, 176 Conn. 245, 255, 405 A.2d 665
(1978); Buckley v. Lovallo, 2 Conn. App. 579, 587, 481 A.2d 1286
CT Page 12320 (1984)." Leabo v. Lininski, 2 Conn. App. 715, 720-21, 484 A.2d 239
(1984). With these construction prerequisites in mind, the memorandum will address each of the Robertuccis' arguments in turn.
COUNT ONE
In count one, Kashetta appears to be alleging a cause of action based on innocent misrepresentation. The Robertuccis assert that the factual allegations contained in count one are legally insufficient. Our courts have "long recognized liability for innocent misrepresentation. The elements of this cause of action are `(1) a representation of material fact (2) made for the purpose of inducing the purchase, (3) the representation is untrue, and (4) there is justifiable reliance by the plaintiff on the representation by the defendant and (5) damages.' Frimbergerv. Anzellotti, 25 Conn. App. 401, 410, 594 A.2d 1029 (1991);Johnson v. Healy, 176 Conn. 97, 405 A.2d 54 (1978)." Matyas v.Minck, 37 Conn. App. 321, 333, 655 A.2d 1155 (1995).
Count one recites that the Robertuccis made a representation that the septic system required only normal maintenance and cleaning. Further, Kashetta alleges that "the defendant made said representations concerning the septic system to induce the plaintiff" to purchase the premises. She continues that the representations were false and that the septic was not functioning properly. To satisfy the final two elements of innocent misrepresentation, Kashetta alleges that she purchased the property in reliance on the representations and that she suffered damages thereby. These allegations are sufficient to state a claim for innocent misrepresentation under Matyas v.Minck, supra, 37 Conn. App. 333.
Accordingly, the Robertuccis' motion to strike count one of the revised complaint is denied.
COUNT TWO
In count two, Kashetta alleges a cause of action in fraud. Again, the Robertuccis postulate that the factual predicate alleged is legally insufficient to constitute fraud. "The essential elements of an action in common law fraud, as [the supreme court has] repeatedly held, are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party CT Page 12321 did so act upon that false representation to his injury.Billington v. Billington, 220 Conn. 212, 217, 595 A.2d 1377
(1991); Kilduff v. Adams, Inc., 219 Conn. 314, 329, 593 A.2d 478
(1991); Maturo v. Gerard, 196 Conn. 584, 587, 494 A.2d 1199
(1985)." Barbara Weisman, Trustee v. Kaspar, 233 Conn. 531, 539-40,661 A.2d 530 (1995).
Kashetta's allegations in count two incorporate count one, and assert that the Robertuccis made a representation that the septic system required only normal maintenance and cleaning. Further, she alleges that the defendants "knew such representations were false." To satisfy element three, Kashetta recites that "the defendants intended to induce the plaintiff to purchase the premises by concealing the defective condition of the septic system." As for the final element of fraud, Kashetta alleges that she purchased the property in reliance on the Robertuccis' representations and suffered damages thereby. The allegations of count two are legally sufficient to state a cause of action for fraud under Barbara Weisman, Trustee v. Kaspar,
supra, 233 Conn. 539-40.
Accordingly, the Robertuccis' motion to strike count two of the revised complaint is denied.
COUNT THREE
In count three, Kashetta alleges a cause of action sounding in unjust enrichment. The Robertuccis again suggest that Kashetta has failed to plead facts that are legally sufficient to make out an unjust enrichment claim. "`A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. . . . Connecticut National Bank v.Chapman, 153 Conn. 393, 399, 216 A.2d 814 [1966]. With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard. . . . Providence ElectricCo. v. Sutton Place, Inc., 161 Conn. 242, 246, 287 A.2d 379
(1971). . . . Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' CT Page 12322 detriment.' Hartford Whalers Hockey Club v. Uniroyal GoodrichTire Co., 231 Conn. 276, 282-83, 649 A.2d 518 (1994)." BarbaraWeisman, Trustee v. Kaspar, supra, 233 Conn. 550.
Count three incorporates counts one and two and states that "[t]he defendants benefited when they accepted full payment for the premises despite the defective condition of the septic system" and that the Robertuccis "knew that they were receiving more for the premises than they were entitled to due to the defective condition of the septic system." "The defendants retained this benefit and have been unjustly enriched."
Although this count suffers from a "slight linguistic ambiguity," when the facts and inferences drawn therefrom are viewed in the light most favorable to Kashetta, count three serves to "notify the defendant" of the existence of the unjust enrichment claim. Leabo v. Lininski, supra, 2 Conn. App. 720-21. On that basis, count three of the complaint satisfies the requirements for pleading unjust enrichment set forth in BarbaraWeisman, Trustee v. Kaspar, supra, 233 Conn. 550.
Accordingly, the motion to strike count three of Kashetta's revised complaint is denied.
COUNT FOUR
Count four states legal conclusions that the Robertuccis' conduct was "reckless" and "fraudulent." The Robertuccis move to strike this count based on a complete lack of factual specificity to support the two legal conclusions. Kashetta, however, has already pleaded a cause of action based on fraud in count two. Therefore, the contents of count four are repetitive and unnecessary. Moreover, "[t]he mere allegation that a fraud has been perpetrated is insufficient; the specific acts relied upon must be set forth in the complaint." Connecticut National Bank v.Lewis, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 70 37 18 (May 19, 1994, Hennessey, J.), quoting Maruca v. Phillips, 139 Conn. 79, 81, 90 A.2d 159 (1952). In addition, fraud requires an allegation of intent or scienter rather than recklessness as pleaded by Kashetta. Mitchell v.Mitchell, 31 Conn. App. 331, 336, 625 A.2d 828 (1993).
Accordingly, the court grants the Robertuccis' motion as to count four of the revised complaint. CT Page 12323
COUNT FIVE
In count five, Kashetta, incorporating the allegations of counts one through four, alleges that the Robertuccis' actions "constitute an unfair trade practice violation of § 42-110b
of the Connecticut General Statutes." The Robertuccis argue that these allegations are legally insufficient since there is no assertion that the practices were performed in the conduct of any trade or commerce as defined in CUTPA.
"CUTPA provides, in pertinent part, that `no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.'
General Statutes § 42-110b(a)." (Emphasis added.) PremierRoofing Co. v. Insurance Company of North America,13 Conn. L. Rptr. 544, 545 (March 3, 1995, Leheny, J.). Count five of Kashetta's complaint is devoid of any allegations that Kashetta was involved in "any trade or commerce" in selling the house. Therefore, count five is legally insufficient. See Doty v.Silver, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 29 31 92 (February 24, 1995, Hauser, J.) (granting a motion to strike a CUTPA claim where the complaint did not contain allegations that the seller of a private home was engaged in "any trade or commerce").
Accordingly, the court grants the motion to strike count five of Kashetta's revised complaint.
To summarize, the court denies the Robertuccis' motion to strike counts one, two and three, and grants their motion to strike counts four and five of Kashetta's revised complaint.
Stodolink, J.