[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON DEFENDANT'S MOTION TO STRIKE #102
On July 6, 1995, the plaintiff, Noel McCormick, filed a one count amended complaint, pursuant to the Connecticut Unfair Insurance Practices Act ("CUIPA"), General Statutes § 38a-815 et seq., against the defendant, New Hampshire Insurance Co. ("NHIC"). Therein, the plaintiff alleges the following relevant facts:
On or about February 28, 1994, the plaintiff was injured when a double wheel of a tractor trailer fell off a truck. At that time, NHIC was the insurer of both the driver and the owner of the truck, and American International Adjustment Company, Inc. ("AIAC") was the adjuster for NHIC. Amended Complaint ¶ 1 ¶ 2.
Peggy Milton ("Milton"), an adjuster for AIAC at the time, represented to the plaintiff's attorney that liability was not an issue, and did not represent that the defendants had defenses to the plaintiff's claim. Accordingly, on June 2, 1994, the plaintiff's attorney sent a letter to AIAC "confirming the acceptance of liability by NHIC" and, on October 19, 1994, made a monetary demand on NHIC. Id. ¶ 3 — ¶ 6. At that time, the plaintiff's claim was transferred to Suzanne White ("White"), another adjuster for AIAC;, and the plaintiff renewed his demand. Id., ¶ 7.
White requested additional medical information from the plaintiff's dentist, which was provided in early December, 1994. After receiving the information, however, White neglected and refused to offer any money to the plaintiff for his injuries. Accordingly, the plaintiff commenced an action in the Superior CT Page 12647 Court for the judicial district of Middlesex (Docket No. CV-94-0074061), and the defendant filed an answer and special defenses to the plaintiff's amended complaint. Id., ¶ 8 — ¶ 11.
In light of the facts set forth above, the plaintiff alleges, in the present case, that NHIC and its agents and employees:
 — refused to pay claims without conducting a reasonable investigation based upon all available information;
 — failed to affirm or deny coverage of claims within a reasonable time after proof of loss statements had been completed;
 — failed to attempt to effectuate prompt, fair and equitable settlements of claims in which liability had become reasonably clear; and
 — failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;
in violation of General Statutes § 38a-816 (6)(c)-(f), and that said violations constitute a pattern of conduct. Id., ¶ 15 ¶ 16.
On July 21, 1995, NHIC filed a motion to strike the plaintiff's amended complaint, and a memorandum of law in support thereof, on the grounds that it fails to state a claim upon which relief may be granted because: 1) multiple acts of misconduct in the handling of a single insurance claim are not sufficient to constitute an unfair settlement practice under General Statutes § 38a-816(6); 2) CUIPA does not provide for a private cause of action; and 3) the plaintiff is not an insured of the defendant.
Pursuant to Practice Book § 152, a motion to strike may be brought to test the legal sufficiency of a complaint or any of its counts. See Pratt v Old Saybrook, 225 Conn. 177, 185,621 A.2d 1322 (1993). In ruling on a motion to strike, the court must construe the facts in the complaint most favorably to the plaintiff. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). This includes the facts necessarily implied and fairly provable under the allegations but does not include, however, the legal conclusions or opinions stated in the complaint. Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992). "If any facts CT Page 12648 provable under the express and implied allegations in the; plaintiff's complaint support a cause of action . . . the complaint is not vulnerable to a motion to strike." (Citations omitted.)Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991).
The Connecticut Supreme Court has recently held that, in order to establish a cause of action under CUIPA:
 the defendant's alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a "general business practice" as required by 38a-816(6).
Lees v. Middlesex Ins. Co., 229 Conn. 842, 849, 643 A.2d 1282
(1994). By requiring proof that an insurer has engaged in unfair claim settlement practices with such frequency as to indicate a general business practice, the Connecticut legislature manifested a clear intent to exempt isolated instances of insurer misconduct from coverage under CUIPA. (Citation omitted.) Id.
In the present case, the plaintiff alleges four differenttypes of unfair settlement conduct or practices against NHIC, but alleges facts concerning only one insurance claim. Additionally, the complaint fails to set forth facts to support an allegation that the settlement of the plaintiff's claim is part of a general business practice by NHIC. Thus, under Lees v. Middlesex Ins. Co.,
supra, the plaintiff's CUIPA claim is legally insufficient. See also Premier Roofing Co. v. Insurance Company of North American,13 Conn. L. Rptr. 544, 545 (March 3, 1995) (Leheny, J.) (same); Bergenv. Standard Fire Ins. Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 44099 (February 22, 1995) (Thompson, J.) (same).
In the final paragraph of his complaint, the plaintiff does allege that "[t]here has been more than one violation of General Statutes § 38a-816(6)c, d, e and f and [that] said violations constitute a pattern of conduct." Amended Complaint, ¶ 16. This paragraph, however, is a legal conclusion unsupported by any facts.Rotz v. Middlesex Mutual Assurance Co., 13 Conn. L. Rptr. 324, 325 (January 27, 1995) (Hauser, J.). Accordingly, NHIC's motion to strike the plaintiff's amended complaint is hereby granted.[1]