[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The main issues presented by the defendant's motion to strike the third and fifth counts of the plaintiff's complaint are 1) whether the plaintiff can state a cause of action for CUTPA based on a breach of contract; and 2) whether the plaintiff can state a cause of action for CUTPA based on violation of a statute (in this case General Statutes § 49-42), or whether the applicable statute is the exclusive remedy. CT Page 295
"A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings . . . . if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citations omitted.) Mingachos v.CBS, Inc., 196 Conn. 91, 108-09, 491 A.2d 368 (1985). Further, the court must construe the facts in the pleadings, which are the subject of the motion to strike, most favorably to the pleader.Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).
The third count sets out a claim of a CUTPA violation based on the defendant's alleged violation of General Statutes §49-42. Several Superior Court level cases permit a CUTPA count based on violations of § 49-42. One of the leading cases, in fact, Blakeslee Arpaia Chapman, Inc. v. USF G, Superior Court, judicial district of New London at New London, Docket No. 52034811 Conn. L. Rptr. 169
(March 4, 1994) (Hurley, J.), involves the defendant in the case at hand, and this case covers the relevant issues in depth. In this decision, the court addressed the issue on a motion for summary judgment and held that since both CUTPA and § 49-42
are remedial in nature, the CUTPA count should be permitted. The court also noted that § 49-42 itself does not state that it is the exclusive remedy for suits under the statute.
Another case that addressed these issues in detail is PremierRoofing Co. v. INA, Superior Court, judicial district of Danbury at Danbury, Docket No. 312438, 13 Conn. L. Rptr. 544 (March 3, 1995) (Leheny, J.). In this case, the court struck a CUIPA count but permitted the CUTPA count to stand, again citing the remedial nature of § 49-42. This court finds the reasoning behind these two lengthy and thoughtful decisions to be persuasive, and it adopts it in resolving this portion of the defendant's motion to strike.
As to count five, the defendant alleges that the plaintiff has improperly tacked its CUTPA claim onto its breach of contract claim. The plaintiff, however, alleges that it has alleged more than a simple breach of contract and that it is therefore entitled to base a CUTPA count on the alleged breach.
A majority of cases support the claim that "[a] simple breach of contract, even if intentional, does not amount to a violation of the Act; a [claimant] must show substantial aggravating circumstances to recover under the Act." EmleeCT Page 296Equipment Leasing Corp. v. Waterbury Transmission, Inc.,41 Conn. Sup. 575, 580, 595 A.2d 951 3 Conn. L. Rptr. 711 (January 23, 1991) (Blue, J.).
This does not mean that recovering under CUTPA for a breach of contract is impossible, however, and in Lester v. ResortCamplands International, Inc., 27 Conn. App. 59, 71, 605 A.2d 550
(1992) the court stated "the same facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation." (Emphasis added.). In Lester, the plaintiff was permitted to pursue a CUTPA cause of action based on breach of contract. Indeed, Judge Blue clarified his earlier holding inEmlee Equipment Leasing Corp. v. Waterbury Transmission, Inc., supra, when he permitted a CUTPA cause of action to survive a motion to strike on the strength of several allegations of misrepresentation by the plaintiff in its complaint that the defendant would only supply new goods and instead supplied used goods because the plaintiff had pleaded "more than a simple breach of contract". CNF Constructors v. Culligan WaterConditioning Co., No. CV92-0242302, Judicial District of New Haven at Meriden (1993 Ct. Sup. 9038, 8 CSCR 1057, 1058, September 9, 1993) (Blue, J.).
Thus, a plaintiff's CUTPA count should be stricken if it alleges merely a breach of contract absent any fraud, or unfair or deceptive conduct. In this case, the plaintiff has not alleged any aggravating circumstances such as fraud or misrepresentations, but it has made the claim that the defendant failed to specify why it withheld the money allegedly due after demand and failed to follow the statutory requirements absent a claim of a good faith dispute over the amount owed. Arguably. These allegations have more of the ring of an unfair business practice than of a simple breach of contract, and construing them in the light most favorable to the plaintiff, as the court must, the motion to strike this count must be denied.
Finally, as an independent basis for the motion to strike these two counts, the defendant asserts that the plaintiff has failed to allege an ascertainable loss, as is required under CUTPA. However, the plaintiff has specifically alleged in the Third Count at ¶ 17 and in the Fifth Count at ¶ 22 that it has been damaged. Additionally, in ¶ 10 of Count One, the plaintiff specifically states damages in the amount of $91,855.97 as allegedly still outstanding, and in ¶ 11, the plaintiff claims interest. These paragraphs are incorporated into the Third CT Page 297 and Fifth Counts. Therefore, the defendant cannot prevail on this ground of its motion to strike.
For all of the above reasons, the motion to strike is denied.