[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 120
The plaintiffs, John and Nancy Slitz, filed a third revised complaint on November 14, 1996, alleging the following facts. The plaintiffs and the defendant, Pyramid Custom Home Corporation of Connecticut, entered into two written agreements on December 12, 1995. The first, a land purchase agreement, was contingent upon the defendant obtaining all required permits for construction by December 15, 1995. The second, a construction agreement, was contingent on the plaintiffs closing title to the land under the first agreement. The plaintiffs deposited a total of $73,000 toward the two agreements. The defendant did not obtain the permits by December 15, 1995, but refused to return the plaintiffs' deposit, despite several demands.
Prior to entering into the agreements, Joseph Mirra, president of the defendant corporation, made several representations to the plaintiffs including: (1) that the defendant could construct the residence by mid-May or early June of 1996; (2) that the defendant would be able to obtain all necessary permits by December 15, 1995; and (3) that the defendant would have "no problem" getting the permits due to the corporation's familiarity with the building requirements in the town and its recent experience obtaining permits.
In count two, the plaintiffs allege that the defendant and/or its agents made such representations in order to induce the plaintiffs to enter into the contracts; that the defendant and/or its agents knew or should have known that the representations were false; and that they have suffered damages as a result. In count three, the plaintiffs re-allege the claims of count two and further allege that the defendant engaged in unfair trade acts or CT Page 4262 practices by making the fraudulent misrepresentations and wrongfully retaining the deposit.
The defendant filed a motion to strike counts two and three on November 25, 1996. The plaintiffs filed an objection to the motion to strike on December 11, 1996. Both parties filed memoranda of law.
"If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Waters v. Autuori,236 Conn. 820, 826, ___ A.2d ___ (1996). "The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . ." (Citations omitted; internal quotation marks omitted.) Westport Bank Trust Co. v.Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862
(1992).
The defendant moves to strike count two on the ground that it is legally insufficient because it fails to state a claim of fraud. Specifically, the defendant argues that a fraudulent misrepresentation must be a statement of fact, rather than a promise about the future. The defendant contends that the statements alleged in the complaint constitute mere promises insufficient to state a cause of action for fraud.
The plaintiffs argue that the defendant knew when the contract was signed on December 12, 1995, that it would not have the permits by December 15, 1995. The plaintiffs further argue that a promise regarding future events can constitute fraud when the promise is made with the intent to break it.
"The elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment." Billingtonv. Billington, 220 Conn. 212, 217, 595 A.2d 1377 (1991). "The requirement that a representation be made as a statement of fact `focuses on whether, under the circumstances surrounding the statement, the representation was intended as one of fact as distinguished from one of opinion.'" (Citation omitted.) Meyersv. Cornwell Quality Tools, Inc., 41 Conn. App. 19, 28-29, CT Page 4263674 A.2d 444 (1996). "[A] promise to do an act in the future when coupled with a present intent not to fulfill it, is a false representation." (Citation omitted; internal quotation marks omitted.) Mitchell v. Mitchell, 31 Conn. App. 331, 336,625 A.2d 828 (1993).
The representations alleged here constitute a statement of fact sufficient to allege the first element of fraudulent representation.[1] The statements allegedly made by the defendants, although related to future acts, fall within the exception allowing for promises made with the present intent to not keep the promise to constitute valid claims for fraud. See, e.g., Riverside Assn. v. Tang's of Westport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 285309 (December 10, 1991, McGrath, J.; 7 CSCR 129) (representations that defendants would sell business by deadline or turn over keys and contents of leased premises); Teifer v. SonitrolCommunications Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 359856 (August 7, 1990, Freed, J.) (representations as to continued employment and reasons for discharge); Comen v. Udolf, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 250757 (August 21, 1990, Jones, J.) (representations that improvements to property would be complete before or shortly after plaintiffs took occupancy). See also, Smith v. Frank, 165 Conn. 200, 201-02,332 A.2d 76 (1973) (no error in court's finding of fraud where representations that repairs would be made); Meyers v. CornwellQuality Tools, Inc., supra, 41 Conn. App. 29 (no abuse of discretion in submitting claim of fraud to jury where representations that defendants would have sufficient capital, would have certain annual income, would perform training, and would repurchase tools in future); Kavarco v. T.J.E., Inc.,2 Conn. App. 294, 300-01, 478 A.2d 257 (1984) (reasonable to infer no intent to keep promise when making representations that only one-family dwellings would be built in future).
The defendant relies on Kohl v. Murphy, Superior Court, judicial district of New Haven, Docket No. 352626 (June 8, 1995, Fracasse, J.), to support its argument. In Kohl v. Murphy, the court held that the plaintiffs did not allege a misrepresentation of past or existing fact, nor did they allege that the statement was untrue and known to be untrue by the defendants. Id. This case is distinguishable from the present case.
The plaintiffs in Kohl v. Murphy alleged representations and CT Page 4264 claimed that the defendants "knew or should have known that the representations they made to the plaintiffs were speculative atbest." (Emphasis added.) Kohl v. Murphy, supra. Characterizing the representations as `speculative' undermines the plaintiffs' claim because a speculative statement seems closer to a statement of opinion than a statement of fact. Further, since the plaintiffs do not allege that the defendants knew the statement was false, it cannot be argued that the defendants made a promise knowing it to be false, with the intent not to fulfill it.
Here, the plaintiffs have alleged representations sufficient to allege that the defendant made a promise with no intention to keep it. Furthermore, the plaintiffs here have specifically alleged that the defendant knew that the representations were false. The plaintiffs do not specifically allege that the defendant made the representations with the present intent to not fulfill them. The allegations, however, should be read most favorably to the plaintiff and include implied facts. NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, A.2d (1992); Westport Bank Trust v. Corcoran, Mallin Aresco,221 Conn. 490, 495, A.2d (1992). But, see Connecticut Bank Trust v. Benedetto, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 262355 (September 17, 1990, Thim, J.) (failure to allege that plaintiff had no intention to perform at time of promise renders counterclaim insufficient to state cause of action in fraud).
The plaintiffs' allegations that the defendant signed the written contract on December 12, 1995, after having represented that it would have no problem obtaining permits by December 15, 1995, are sufficient to allege that the defendant made the representation while having no intent to keep the promise. "[O]rdinarily, intent can only be proved by circumstantial evidence; it may be and usually is inferred from the defendant's conduct." (Citation omitted; internal quotation marks omitted.)Mitchell v. Mitchell, supra, 31 Conn. App. 337. Circumstances may "support a reasonable inference of intent to defraud." Id. See, e.g., DiLustro v. Horvat, Superior Court, judicial district of New Haven, Docket No. 301324 (December 11, 1991, Sullivan, J.), aff'd, 29 Conn. App. 923 (1992) (circumstances surrounding sending of check coupled with representation that defendant would hold check in escrow fulfilled defendant's burden of proof). The allegation that the defendant's president assured the plaintiffs on November 30, 1995, that he would obtain the permits, combined with the fact that the contracts were signed on December 12, CT Page 4265 1995 — three days before the deadline for obtaining the permits — is sufficient to support an inference that the defendant made the representations knowing that it would not fulfill them.
The defendant moves to strike count three on the ground that the plaintiffs have failed to state a claim under the Connecticut Unfair Trade Practices Act ("CUTPA"). The defendant initially argues that because the second count fails, the only basis for a CUTPA violation would be a breach of contract, an improper basis for a CUTPA count. The defendant further argues that the plaintiffs have failed to allege more than a single instance or isolated instances, as required by CUTPA. The plaintiffs counter that count two is sufficient to state a claim for fraudulent misrepresentation and, thus, supports a claim under CUTPA.
"A simple breach of contract, even if intentional, does not amount to a violation of [CUTPA]. . . ." (Citations omitted; internal quotation marks omitted.) Emlee Equipment LeasingCorporation v. Waterbury Transmission, Inc., 41 Conn. Sup. 575,580, 595 A.2d 951 (1991). "This does not mean that recovering under CUTPA for a breach of contract is impossible, however, and in Lester v. Resort Camplands International, Inc.,27 Conn. App. 59, 71, 605 A.2d 550 (1992), the court stated `the same facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation." Production Equipment Co. v.Blakeslee Arpaia Chapman, Inc., Superior Court, judicial district of New Haven at Meriden, Docket No. 247485 (January 3, 1996, Silbert, J.; 15 Conn. L. Rptr. 558, 559). "Indeed, Judge Blue clarified his earlier holding in Emlee Equipment LeasingCorp. . . . when he permitted a CUTPA cause of action to survive a motion to strike on the strength of several allegations of misrepresentation . . . because the plaintiff had pleaded `more than a simple breach of contract.'" (Citation omitted; internal quotation marks omitted.) Production Equipment Co. v. BlakesleeArpaia Chapman, Inc., supra. See also, Pomfret School, Inc. v.FSL, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 392957 (October 15, 1991, Schaller, J.) (allegation of false representation supports CUTPA claim); Comen v. Udolf, supra (same).
The plaintiffs allege several misrepresentations made by the defendant in the course of their dealings. The plaintiffs also allege that the defendant violated CUTPA by wrongful detention of the deposit. Even if the plaintiffs have alleged only a single act, however, a single act is sufficient to state a claim under CT Page 4266 CUTPA.
"[T]he majority of superior court decisions . . . have held that a litigant does not need to allege more than a single act of misconduct in order to bring an action under CUTPA." (Citation omitted; internal quotation marks omitted.) Hernandez v. King,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 536321 January 29, 1996, Hennessey, J.;16 Conn. L. Rptr. 65, 67). CUTPA "makes reference to the plural `unfair methods of competition and unfair or deceptive acts orpractices,' and . . . to the singular `method, act or practice.'"Hernandez v. King, supra. "The language of these provisions allows a single unfair act to form the basis for a CUTPA claim."Levesque v. Kris Enterprises, Superior Court, judicial district of Litchfield, Docket No. 053776 (May 20, 1991, Susco, J.;4 Conn. L. Rptr. 86). But, see Duncan v. Burnside Motors, Inc.,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 320602 (February 26, 1987, O'Neill, J.;2 CSCR 379) (reading language of CUTPA as plural).[2]
CUTPA is a remedial statute and should be liberally construed. Web Press Services Corporation v. New London Motors,Inc., 203 Conn. 342, 344, 525 A.2d 57 (1987). Thus, a single act is sufficient to state a cause of action under CUTPA. But, seeMorgan v. Tolland County Health Care Inc., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 469204 (February 9, 1996, Handy, J.) (single acts not sufficient to state CUTPA claim); Biondi v. Ste. Lacar Holdings,Inc., Superior Court, judicial district of Tolland at Rockville, Docket No. 056419 (February 16, 1995, Sferrazza, J.) (same).
"[U]sually when CUTPA is held to apply to a single transaction, the defendant is an entity or an individual engaged in a business activity which is at the heart of the complaint and the alleged violation." (Citation omitted; internal quotation marks omitted.) Jokl v. Watt, Superior Court, judicial district of New Haven, Docket No. 372000 (February 28, 1996, Gray, J.).[3] Here, the defendant was engaged in a business activity while making the representations. Thus, the plaintiffs have stated a claim under CUTPA.
Defendant's motion to strike is denied.
Stodolink, J. CT Page 4267