[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE COUNT THREE (Document #111)
The plaintiff, Charles Gianetti, M.D., filed a four-count amended complaint against the defendants, Greater Bridgeport Individual Practice Association, Inc. (GBIPA) and Physicians Health Services, Inc. (PHS) alleging the following facts. The plaintiff physician was formerly a member of GBIPA, which supplies medical services to subscribers of PHS. In 1995, the CT Page 1120 plaintiff was notified by GBIPA that GBIPA intended to terminate his membership. The plaintiff alleges in counts one and two that GBIPA and PHS, respectively, breached their contract with the plaintiff by terminating the plaintiff without offering him a chance to appeal their decision. The plaintiff alleges in counts three and four that GBIPA and PHS's actions, respectively, violated the Connecticut Unfair Trade Practices Act (CUTPA).
GBIPA seeks to strike count three of the amended complaint on the grounds that the allegations therein merely allege a breach of contract, which is insufficient to maintain a cause of action under CUTPA, and in the alternative, that the allegations in count three fail to satisfy the requirements of the cigarette rule. The plaintiff argues that count three states a proper CUTPA claim.
The court, Skolnick, J., previously granted GBIPA's motion to strike count three of the plaintiff's original complaint on the ground that the CUTPA allegations were based on a simple breach of contract. (Memorandum of Decision Re: Motion To Strike # 104,Skolnick, J., November 5, 1998). In that decision, the court noted that to recover under CUTPA, based on a breach of contract, the plaintiff must show substantial aggravating circumstances attending the breach. "Thus, a plaintiff's CUTPA count should be stricken if it alleges merely a breach of contract absent any fraud, or unfair or deceptive conduct." The Production EquipmentCo. v. Blakeslee Arpaia Chapman, Inc., Superior Court, judicial District of New Haven at Meriden, Docket No. 247485 (January 3, 1996, Silbert, J.) (15 Conn. L. Rptr. 558, 559).
The plaintiff has since filed an amended complaint alleging that GBIPA violated CUTPA through its pattern of continuously and unreasonably seeking to retaliate against the plaintiff and terminate his membership status because of his attempts to secure proper reimbursement and medical care policies. (Amended Complaint, Count Three ¶ 23). The plaintiff has also alleged new facts indicating that GBIPA did not reimburse the plaintiff for medical care provided as it was contractually required to do, and in addition, GBIPA threatened to terminate his membership when the plaintiff initiated his own lawsuits to recoup his fees. (Amended Complaint, Count Three, ¶¶ 18-21). Accordingly, the plaintiff has now pleaded sufficient facts to show that there were aggravating circumstances attending the alleged breach of contract by GBIPA. CT Page 1121
These new facts also satisfy the requirements of the cigarette rule. "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the `cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other business persons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three."Willow Springs Condominium Association, Inc. v. Seventh BRTDevelopment Corp. , 245 Conn. 1, 43, 717 A.2d 77 (1998).
When reviewing a motion to strike, directed against a complaint, the court takes the facts alleged in the complaint and construes it in the manner most favorable to the plaintiff. This includes the facts necessarily implied and fairly provable under the allegations. See Westport Bank Trust Co. v. Corcoran,Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992). Here, the plaintiff has alleged that GBIPA failed to honor its side of an agreement with the plaintiff, and then threatened to terminate the plaintiff's membership when he employed methods of self-help to remedy GBIPA's own breach. Viewed in the light most favorable to the plaintiff, the amended third count alleges deceptive and unfair acts which satisfy the cigarette rule.
Finally, GBIPA argues that the plaintiff's CUTPA claim must fail because it is based on intracorporate actions taken by GBIPA, which cannot form the basis of a CUTPA violation. GBIPA contends that the allegations that it treated the plaintiff's membership rights inappropriately do not affect trade or commerce, but instead affect only the internal workings of the corporation and its relationship with its member, the plaintiff. The plaintiff argues that he has not alleged that GBIPA has mismanaged assets but rather has purposefully attempted to wrongfully deprive the plaintiff of his membership status.
In Fink v. Golenbock, 238 Conn. 183, 680 A.2d 1243 (1996), the Supreme Court held that the provision of medical services CT Page 1122 falls within CUTPA's definition of trade or commerce as "the distribution of any services. . . ." Id., 213. The court also determined that the plaintiff could sustain a CUTPA claim against the defendant, a former practice partner, based on evidence establishing that: the defendant took steps to ensure that the plaintiff and the corporation would have no opportunity to engage in the practice of medicine in Bethel; using threats, the defendant forced the plaintiff first to leave the practice and then to leave town; the defendant informed clients that the corporation had changed and that they should take their business and pay their bills to a new corporation; and the defendant took over the corporation's assets, equipment and employees, using them to establish his new practice, which provided the same type of services. Id., 214. Thus, the acts complained of were more than simply a disagreement over intra-corporate management.
Here, the plaintiff has alleged that GBIPA has threatened to terminate his membership when the plaintiff sued individuals for his fee, and that GBIPA has required him to be re-accredited every year rather than bi-annually based upon unsubstantiated allegations of the plaintiff's noncompliance with membership rules and policies. In addition, the plaintiff has alleged that GBIPA has continuously and unreasonably sought to retaliate against the plaintiff and terminate his membership based on the plaintiff's attempts to secure reimbursement for services rendered. As in Fink, the plaintiff's allegations in the amended complaint are more than a disagreement concerning intracorporate matters. GBIPA has allegedly engaged in a pattern of threatening and unfair treatment for a period from 1991 to 1996, in an attempt to limit or extinguish the plaintiff's ability to render medical services. Therefore, the plaintiff's CUTPA claim is legally sufficient both because it involves trade and commerce and because the claims made thereunder encompass more than intracorporate acts. But see Diette v. Dental Group of Norwalk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 158747 (February 27, 1998, Lewis, J.) ("[T]he plaintiff alleges that the defendants made misrepresentations upon which the plaintiff relied on in hopes of securing a share of ownership of the defendant Group. These alleged misrepresentations occurred while the plaintiff was employed by the Group. These facts, therefore, amount to an intracorporate action to which CUTPA is inapplicable").
For all of these reasons, GBIPA's motion to strike count three of the amended complaint is denied. CT Page 1123
NADEAU, J.