[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter arises out of claims made in connection with a contract dispute. The defendants, Connecticut Light and Power, Co. and Northeast Utilities, filed a motion to strike the third count of the plaintiff's second amended complaint and the corresponding prayers for relief. The motion challenges the legal sufficiency of count three, which alleges that the defendants violated Connecticut's Unfair Trade Practices Act (CUTPA). The plaintiff, Phillips Industrial Service Corp., filed an untimely memorandum of law in opposition to the defendants' motion to strike. The defendants then filed an objection to the plaintiff's untimely memorandum, arguing that the plaintiff failed to comply with Practice Book § 10-42.
 I
"`The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . We must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Citations omitted; Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998).
 II
The rules of practice require that an "adverse party who objects to this motion [to strike] shall, at least five days before the date the motion is to be considered on the short calendar, file and serve in accordance with Sections 10-12
CT Page 3657 through 10-17 a memorandum of law." Practice Book (1998 Rev.) § 10-42. Here, the plaintiff filed a memorandum in opposition to the defendants motion to strike on November 30, 1998, after the motion was heard earlier that day, on the short calendar.
Despite the plaintiff's defalcation a motion to strike may only be gratned on grounds stated in Practice Book § 10-39; the failure to file an opposing memorandum no longer is consent to the granting of such a motion. However, a motion to strike may be determined based on the motion and supporting memorandum alone when an opposing party has failed to comply with the requirements of § 10-42 by not timely filing a memorandum in opposition. A trial court also has discretion to examine the contents of an untimely oppsoition memorandum where doing so will not prejudice the moving party. Cf. Sullivan v. Reiner, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 567323 (May 14, 1998). Since I see no prejudice to the defendants in doing so in this case, I have considered the plaintiff's brief prior to issuing this decision.
 III
The defendants move to strike the third count of the plaintiff's second amended complaint, which alleges a CUTPA violation, on the grounds that a simple breach of contract is insufficient to support a CUTPA claim and, further, that the plaintiff has failed to allege facts that indicate that the defendants conduct was carried out in the course of the defendants trades or businesses, as required by General Statutes § 42-110b.
"The circumstances in which CUTPA may be violated by conduct that also breaches a contract or contracts, are, however, unclear. Every breach of contract could be treated as an unfair act. Such a result however, would be likely to have very significant commercial consequences. Courts have not been willing to take a sweeping approach." 1 Langer, Morgan Belt, Connecticut Unfair Trade Practices Act (1994) § 4.3, p. 114-123. However, the "majority of Superior Court cases support the claim that [a] simple breach of contract, even if intentional, does not amount to a violation of [CUTPA]; a [claimant] must show substantial aggravating circumstances to recover under the Act. Emlee Equipment Leasing Corp. v. WaterburyTransmission, Inc., 41 Conn. Sup. 575, 580, 595 A.2d 951,3 Conn. L. Rptr. 711 (1991) (Blue, J.); see also Bonnell v. United ParcelCT Page 3658Service, Superior Court, judicial district of New Haven at Meriden, Docket No. 247485 (January 3, 1996) (Silbert, J.) (15 Conn. L. Rptr. 558); LoMonte v. Rice, Superior Court, judicial district of Hartford at New Britain, Docket No. 441735 (January 30, 1991) (Aronson, J.) (3 Conn. L. Rptr. 189); Central DeliveryService of Washington, Inc. v. People's Bank, Superior Court, judicial district of Hartford at New Britain, Docket No. 438015 (October 1, 1990) (Goldberg, S.J.) (2 Conn. L. Rptr. 449);Jarasek v. Chrysler House Associates Limited Partnership, 
Superior Court, judicial district of Hartford, Docket No. 338598 (December 2, 1988) (O'Connor, J.) (4 C.S.C.R. 73). Petro v.K-Mart Corp., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 123768 (October 6, 1997, Pellegrino, J.)" (Internal quotation marks omitted.) Holeva v. M Z Associates, 
Superior Court, judicial district of New Haven, Docket No. 098403 (November 18, 1998)
As this court emphasized in Holeva, "[a] simple contract breach is not sufficient to establish a violation of CUTPA, particularly where a CUTPA count simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendants activities are either immoral, unethical, unscrupulous, or offensive to public policy." Holevav. M Z Associates, supra, Superior Court, Docket No. 098403. Of course, as Judge Corradino has observed, "a `misrepresentation' can constitute an aggravating circumstance that would allow a simple breach of contract claim to be treated as a CUTPA violation; [when] it would in effect be a deceptive act, cf CNFConstructors, Inc. v. Culligan Water Conditioning Co., supra [8 C.S.C.R. 1057 (1993], dicta in Production Equipment Co. v.Blakeslee Arpaia Chapman, Inc., supra [15 Conn. L. Rptr. 558]."Designs on Stone, Inc. v. Brennan Construction Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 059997 (April 9, 1998) (21 Conn. L. Rptr. 659). The question here is whether aggravating circumstances are here alleged that would bring the claim within the so-called "cigarette rule."[1]
In count three, the plaintiff incorporates the allegations made in count two, the breach of contract claim. In addition, in count three, the plaintiff alleges: "By specifying the product [to be used by the plaintiff in the performance of the contract] the defendant was specifically representing that if Plaintiff followed those specifications, an acceptable result would be achieved," and "[t]he defendants have willfully and wrongfully refused to pay the Plaintiff despite the clear and obvious terms CT Page 3659 of the Agreement. The plaintiff further alleges in paragraph 19 that the "defendants misrepresentation based on the APS product and subsequent refusal to pay the Plaintiff the amount owed under the agreement constitutes a violation of the Connecticut Unfair Trade Practices Act, C.G.S. Section 42-110a et seq. in that said actions by the defendants were willful, immoral, oppressive and unscrupulous and caused substantial ascertainable injury to the Plaintiff."
Construed in the light most favorable to the plaintiff, the trier of fact could reasonably find that: (1) the defendant required the plaintiff to use a specific product, (2) the material required by the defendants contract specifications was later found to be defective and, (3) even though the defendants were, as the plaintiff claims, "aware that the failure of the relining of the equalization basins is the result of the [defective] material, . . . they have nevertheless failed and "refused to pay [the plaintiff]."
This court concludes that the plaintiff has failed to allege facts that take this matter beyond a simple, albeit deliberate, breach of contract claim. The underlying facts that the plaintiff pleads to establish the breach of contract claim are the very same facts that the plaintiff relies upon to establish the CUTPA claim. See Holeva v. M Z Associates, supra, Superior Court, Docket No. 098403. Although the plaintiff employs the word "misrepresentation" in count three, the CUTPA count, the plaintiff has failed to allege facts that indicate any substantial aggravating circumstance. See Designs on Stone, Inc.v. Brennan Construction, Co., supra, Superior Court, Docket No. 059997. "A conclusory statement such as this without further elaboration and without specifically alleging how the facts are immoral, unethical, oppressive or unscrupulous is insufficient to support a CUTPA violation." Johnson-Goodyer v. O'Neil MechanicalContractor, Inc., Superior Court, judicial district of New Haven, Docket No. 400865 (December 31, 1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medicalsystems, Inc. v. BOC Group, Inc., 224 Conn. 120, 215, 618 A.2d 25
(1992). Notably, the plaintiff has not alleged that the defendants actually knew that the APS product, which the specifications required the plaintiff to use, would fail. Indeed, paragraph 19 does not disclose whether the defendants' misrepresentation was wilful, reckless, negligent or innocent. The reference to "wilful [ness]" later in the paragraph fairly CT Page 3660 refers to their "refusal to pay the Plaintiff the amount owed under the agreement." In any event, this is a matter that can be and should be clarified by a substitute pleading pursuant to Practice Book § 10-44.
For this reason, the motion to strike is granted.
BY THE COURT
Bruce L. LevinJudge of the Superior Court