[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE (#106)
In his six-count amended complaint, the plaintiff, Adam Brouillard, alleges that in June of 1997, he opened a residential electric service account with the defendant, which, CT Page 7690 by February of 1997, had started reporting customer payment information to national credit agencies when payments not received within thirty days of the billing date were reported as "late". The plaintiff alleges that he was not informed of this reporting practice and claims that the practice is not in compliance with the industry standard. When he later applied for credit through Bank Boston, his application was denied because the defendant's report to a credit bureau evidenced six late payments on his account. He alleges breach of contract (count one), bad faith (count two), fraud (count three), negligent misrepresentation (count four), false light invasion of privacy (count five) and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110 (b) et seq.
The defendant has now moved to strike counts two, four, five and six of plaintiff's amended complaint and has filed a supporting memorandum of law. At the short calendar hearing, the plaintiff offered the court a written objection which states merely that "[t]he Plaintiff . . . hereby objects to the Defendant's Supplemental Motion to Strike Counts Two, Four, Five and Six of the Amended Complaint for the reason that Plaintiff has adequately plead each and every one of said Counts."
Although Practice Book § 10-42 (formerly § 155) mandates, in pertinent part, that "[one] who objects to [the motion to strike] shall, at least five days before the date the motion is to be considered on the short calendar, file and serve in accordance with Sections 10-12 through 10-17 a memorandum of law . . ." and although no such memorandum was filed in the present case, the defendant did not object to the plaintiff's failure to comply with the practice book rule. "The court has the discretion to address the merits of the motion despite a party's failure to file an opposing memorandum of law where the moving party fails to raise an objection to the opposing party's failure to comply with the mandatory filing provision of the Practice Book Sec. 155. . . ." (Citation omitted.) MiddlesexMutual Assurance Co. v. Travelers Insurance Co., Superior Court, judicial district of Middlesex at Middletown, Docket No. 60094 (May 6, 1993, Higgins, J.) (8 C.S.C.R. 555). "Section 155 was amended effective October 1, 1989, to delete a provision that the non-movant consents to the motion to strike by failing to timely file an opposing memorandum. Although a timely opposing memorandum is required, the failure to so file it can be waived by the trial court. . . ." (Citation omitted.) Fitzpatrick v.East Hartford, Superior Court, judicial district of Hartford/New CT Page 7691 Britain at Hartford, Docket No. 380905 (January 25, 1991, Clark, J.) (3 Conn. L. Rptr. 163). "[T]he failure to file [a memorandum in opposition to a motion to strike] may still serve as a ground for granting a motion to strike." Olshefski v. Stenner, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 351899 (September 27, 1990, Clark, J.). The undersigned will exercise his discretion in favor of considering the merits of this motion to strike, although the plaintiff's failure to comply with the practice book rule could have served as a ground for granting the motion in its entirety.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp. , 240 Conn. 576, 580, 693 A.2d 293
(1997). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . ." (Citation omitted; emphasis omitted; internal quotation marks omitted.) Id., 588. In deciding this motion, the court "cannot be aided by the assumption of any facts [not alleged in the complaint]. . . ." (Citations omitted; internal quotation marks omitted.) LiljedahlBrothers. Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . ." (Citation omitted.) Waters v. Autuori, 236 Conn. 820, 826,676 A.2d 357 (1996).
A. Count Two: Bad Faith
The defendant moves to strike count two on the ground that the plaintiff fails to allege that the defendant had a dishonest purpose in breaching the alleged contact. In that count, the plaintiff alleges that a covenant of good faith and fair dealing is implied in the service agreement between the plaintiff and the defendant, that during the formation of the contract in June, 1997, the defendant knowingly failed to inform the plaintiff of key terms of the account, including the defendant's credit reporting policy, and he further alleges that "adverse, misleading and fraudulently obtained" information was thereby reported regarding his account, in breach of the covenant of good faith and fair dealing. The defendant argues that count two should be stricken because the allegations on which it relies CT Page 7692 are "mere conclusion[s] of law unsupported by the facts alleged."
Our Supreme Court recognizes that "[e]very contract carries an implied covenant of good faith and fair dealing requiring that neither party will do anything that will injure the right of the other to receive the benefits of the agreement. . . ." (Citation omitted; internal quotation marks omitted.) Gutpa v.New Britain General Hospital, 239 Conn. 574, 598, 687 A.2d 111
(1996). Bad faith . . . [is not simply] the absence of good faith. . . . Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. . . . Bad faith means more than mere negligence; it involves a dishonest purpose. . . ." (Citations omitted; internal quotation marks omitted.) Habetz v. Condon, 224 Conn. 231, 237,618 A.2d 501 (1992).
The alleged facts necessarily provide the context in which to examine the required components of the plaintiff's claim. The plaintiff asserts that he entered into an "account" or "service agreement" with the defendant, but that "[t]he Defendant knowingly omitted to inform Plaintiff of key terms of the Account, including the credit reporting policy, in breach of the covenant of good faith and fair dealing." The court must accept as true the allegations that the parties entered into an agreement whereby the defendant would provide the plaintiff with electricity in his home, the plaintiff promised to pay for this service, and the defendant reported late payments to credit agencies. Whether the defendant "knowingly omitted" key terms of the contract, and particularly whether the information reported to credit agencies was "adverse, misleading and fraudulently obtained," are legal conclusions that cannot survive a motion to strike. See Faulkner v. United Technologies Corp. , supra,240 Conn. 588; see also Meehan v. The Press. Inc., Superior Court, judicial district of Danbury at Danbury, Docket No. 321002 (February 22, 1996, Moraghan, J.) (allegations that defendant's conduct was "deliberate, wanton and willful" are legal conclusions that cannot survive a motion to strike.) Consequently, count two merely alleges that the plaintiff and the defendant entered into a contract drafted by the defendant, some term of which was omitted, and the defendant acted on that missing term when it reported the plaintiff's payment history to CT Page 7693 credit agencies. These facts do not support a "dishonest purpose" or "sinister motive." Indeed, this count does not include any specific allegations from which it could be found that the defendant's conduct involved more than a breach of contract or mere negligence.
As recognized in Meehan v. The Press. Inc., supra, Superior Court, Docket No. 321002, "[t]his court has previously stricken claims of breach of the implied covenant of good faith and fair dealing where there is an insufficient factual predicate to support such claim . . . [and] [w]hile other courts have allowed similar claims to stand, in those cases there has been some allegation in the pleadings — other than incorporation of all the other paragraphs of the complaint — that supports [this cause of action]. . . ." (Citations omitted.) Id. See, e.g.,McCrea v. Louis Dreyfus Corp. , Superior Court, judicial district of Danbury at Danbury, Docket No. 316358 (September 28, 1994, Stodolink, J.) (12 Conn. L. Rept. 493) (allegation that defendant "willfully" failed to perform certain obligations pursuant to contract insufficient to support bad faith claim) and Deleonardo v. Metropolitan Casualty Surety Co., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 142770 (September 10, 1996, Karazin, J.) (allegations insufficient to state a claim where plaintiff alleged that defendant, by refusing to pay amount demanded by plaintiff, breached implied covenant of good faith and fair dealing, contrary to its obligation to deal with its insured in fair and reasonable manner).
In order to survive a motion to strike, the plaintiff's claim of bad faith "must be alleged in terms of . . . acts done with a bad motive or with reckless indifference to the interest of others. . . ." (Citation omitted.) Saint Francis Hospital Medical Center v. DeCaro, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 705814 (December 9, 1996, Wagner, J.T.R.). This "dishonest purpose" requirement to pleading a bad faith claim was satisfied in Saint FrancisHospital Medical Center v. DeCaro, supra, by the plaintiff alleging, inter alia, that the defendant insurer omitted or misrepresented pertinent facts and provisions relating to its insurance coverage, coupled with the insurer's unilateral denial of coverage on the basis of improper, inaccurate or unjustifiable reasons. Id. These facts considered by the court on a motion to strike were deemed sufficient to state a claim for bad faith because they had the sound of a dishonest purpose, CT Page 7694 and were not mere conclusions that the insurer acted in bad faith or with some other negative intent.
In the present case, the plaintiff here, however, has not alleged conduct by the defendant that demonstrates a dishonest purpose. See Ryan v. Allstate Indemnity Company, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 142573 (September 22, 1998, D'Andrea, J.) (mere conclusion that defendant acted in bad faith and with dishonest purpose by refusing to pay plaintiff for her injuries cannot survive motion to strike bad faith claim). The motion to strike this count is therefore granted.
B. Count Four: Negligent Misrepresentation
The plaintiff asserts in this count that "[b]y failing to exercise reasonable care in communicating the existence of the new credit reporting policy to the Plaintiff, U.I. negligently misrepresented the terms of the Service Contract to Plaintiff. Plaintiff relied on U.I.'s omission by opening an account and doing business with U.I. . . . The direct, natural, probable and proximate consequence of the . . . adverse credit reporting is that Plaintiff incurred substantial damages. . . ." The defendant moves to strike on the ground that "plaintiff does not allege that defendant UI supplied plaintiff with false information to guide him in his business transactions. . . ." and contends that the plaintiff, rather than alleging that the defendant supplied misinformation, alleges that the defendant failed to supply any information. The defendant maintains that failure to disclose information does not constitute a cause of action for "negligent misrepresentation." According to the defendant, a proper pleading in this case must allege that in the course of its business, the defendant supplied the plaintiff with false information to guide him in his business transactions.
Our Supreme Court has held that the gravamen of negligent misrepresentation is the communication of a false statement in the following context: "One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information. . . ." (Citations omitted.) CT Page 7695D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 217-18, 520 A.2d 217 (1987). "We have held that even an innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth. . . ." (Citations omitted.)Williams Ford. Inc. v. Hartford Courant Co., 232 Conn. 559, 575,657 A.2d 212 (1995). The plaintiff here, however, has not alleged that the defendant told him something untrue; instead, he claims that the defendant failed to tell him that it would report late payments to credit agencies, resulting in a negative credit rating.
A similar dispute arose in DePasquale v. Day. Berry Howard, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 450218 (March 31, 1994, Berger, J.) (9 C.S.C.R. 550), in which the defendant moved to strike the plaintiffs' negligent misrepresentation claim which was based on one defendant's failure to speak when he had a duty to do so. The plaintiffs in DePasquale complained, in pertinent part, that when the defendant accountant assisted in having George DePasquale sign an irrevocable proxy and employment agreement that allowed his son to assume control of the Hartford Electric Supply Company, for whom the defendant performed accounting work, this defendant knew or should have known about the foreseeable negative impact this transaction would have on the corporation's share value, and the defendant "failed to communicate to [the plaintiffs] material information which he knew or should have known he had a duty to communicate." Id. On the basis of D'Ulisse-Cupo v. Board of Directors of Notre DameHigh School, supra, 202 Conn. 217-18, Judge Berger held that a claim for negligent misrepresentation may be based on a defendant's failure to speak when he has a duty to do so. "`[O]ne who, in the course of his business, profession or employment . . . supplies false . . . information for the guidance of others in their business transactions, is subject to liability . . . if he fails to exercise reasonable care or competence in obtaining or communicating the information. . . .' "(Citation omitted.) DePasquale v. Board of Directors of NotreDame High School, supra, 9 C.S.C.R. 551, quoting D'Ulisse-Cupov. Directors of Notre Dame High School, supra, 217-18.
In the present case, the plaintiff has alleged that the defendant failed to inform him of a material fact during the formation of their agreement, and that this omission had the foreseeable consequence of causing him damage. According to the CT Page 7696 reasoning in DePasquale, which this court adopts, these allegations sufficiently plead a cause of action for negligent misrepresentation. The motion to strike is therefore denied as to count four.
C. Count Five: False Light Invasion of Privacy
In count five of his amended complaint, the plaintiff alleges that "[t]he fraudulently obtained credit information concerning [him] was inaccurate" and "[b]y attributing the fraudulently obtained and misleading payment information to [him], U.I. placed [him] in a false light before the public." The defendant contends that count five should be stricken because it does not allege that the defendant published untrue information about the plaintiff.
The elements of a cause of action for invasion of privacy by false light are that "(a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed. . . . (Citations omitted; internal quotation marks omitted.) Honan v. Dimyan,52 Conn. App. 123, 132-33, ___ A.2d ___ (1999). "The essence of a false light privacy claim is that the matter published concerning the plaintiff . . . is not true. . . ." Goodrich v. WaterburyRepublican-American. Inc., 188 Conn. 107, 131, 438 A.2d 1317
(1982). Thus, it is imperative when pleading this cause of action that the information complained of be "false" and such a misrepresentation of one's character that "serious offense may reasonably be expected." Id.
The defendant moves to strike count five on the ground that it "is legally deficient because plaintiff does not allege that defendant UI published untrue matter concerning plaintiff." The defendant argues that while its information about the plaintiff's payment history is characterized by the plaintiff as "adverse," "misleading," "fraudulently obtained" and "inaccurate," the plaintiff does not allege that the information was false. Nor does the amended complaint allege that the plaintiff always paid his electric bill on time.
The court is not permitted on a motion to strike to assume any fact not pleaded; accordingly, it cannot be inferred from what is pleaded that the defendant's information was untrue. CT Page 7697 Inasmuch as a required element of this cause of action is that the statements at issue be untrue, count five fails to allege a claim for invasion of privacy by false light. The motion to strike as to count five is therefore granted.
D. Count Six: CUTPA
In count six, the plaintiff incorporates by reference counts one (breach of contract) and three (fraud), claiming that "[b]y fraudulently obtaining contractual liability of the Plaintiff, U.I. has engaged in an unfair and deceptive trade practice" in violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., and that "[b]y fraudulently obtaining and publishing adverse and misleading credit information concerning Plaintiff, [the defendant] has engaged in an unfair and deceptive trade practice" which is repeated and continuing and violates the public interest. The defendant has moved to strike count six on the ground that the plaintiff "fails to allege practices or methods of trade that can be described as immoral, unethical, oppressive, unscrupulous or offensive to public policy."
"In determining whether certain acts constitute a violation of [CUTPA], [the Connecticut Supreme Court has] adopted the [following] criteria set out in the cigarette rule by the federal trade commission . . . (1)[w]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers . . ." (Citations omitted; internal quotation marks omitted.) Williams Ford. Inc.v. Hartford Courant Co., 232 Conn. 559, 591, 657 A.2d 212
(1995). "A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. . . . Thus, a violation of CUTPA may be established by showing either an actual deceptive practice. or a practice amounting to a violation of public policy. . . . Furthermore, a party need not prove an intent to deceive to prevail under CUTPA. . . ." (Citations omitted.) Thames RiverRecycling. Inc. v. Gallo, 50 Conn. App. 767, 786, ___ A.2d ___ (1998). The Supreme Court also has noted that one of the "four primary categories of practices which have been prohibited as CT Page 7698 unfair . . . [is withholding material information [involving transactions with consumers]. . . ." A-G Foods. Inc. v.Pepperidge Farms. Inc., 216 Conn. 200, 216 n. 9, 517 A.2d 69
(1990).
The defendant argues that count six merely repeats those allegations asserted in the plaintiff's breach of contract (count 1) and fraud (count 3) claims. It has been recognized by our Appellate Court that depending upon the underlying facts, "the same facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation . . . ." (Citations omitted.) Lester v. Resort Camp lands International. Inc.,27 Conn. App., 59, 71, 605 A.2d 550 (1992). As this court has stated previously, however, typically "a plaintiff's CUTPA count should be stricken if it alleges merely a breach of contract absent any fraud, or unfair or deceptive conduct." ProductionEquipment Company v. Blakeslee Arpaia Chapman, Inc., Superior Court, judicial district of New Haven at Meriden, Docket No. 247485 (January 3, 1996, Silbert, J.) (15 Conn. L. Rptr. 558). In that case, the defendant moved to strike the plaintiff's CUTPA claim on the ground that "the plaintiff has improperly tacked its CUTPA claim onto its breach of contract claim." Id. Even though the plaintiff in Production Equipment Company did not allege any aggravating circumstances such as fraud or misrepresentation in its complaint brought under General Statutes § 49-42, it did claim, pursuant to that statute, that the defendant failed to specify why it withheld the money allegedly due the plaintiff, even though the plaintiff had made a proper demand for it and the defendant had other statutory recourse for handling its dispute. Id. This court determined that "these allegations have more of the ring of an unfair business practice
than of a simple breach of contract." (Emphasis added.) Id.
In the present case, the plaintiff has alleged fraud in addition to breach of contract, as well as a repeated and continuing unfair practice that violates the public interest.[1] Construing these allegations in the light most favorable to the plaintiff, the motion to strike this count is denied.
In summary, the motion to strike is granted as to the plaintiff's claims for bad faith (count two) and false light invasion of privacy (count five), and denied as to his claims for negligent misrepresentation (count four) and CUTPA (count six) CT Page 7699
Jonathan E. Silbert, Judge