[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Gary and Judith Robinson, have filed a fourteen count second amended complaint against the defendants, Priscilla Parillo, Laura Carolla and Assured Inspection Services, Inc., alleging damages arising out of the purchase of a home and parcel of land. The plaintiffs allege that despite their specific questions to Parillo (the property owner) and Carolla (the realtor), these defendants did not inform the plaintiffs of the problems and defects to the roof and/or ceiling, the basement and the septic system. The plaintiffs also allege that they contracted with the defendant Assured Inspection Services, Inc. to inspect the roof and/or ceiling, the basement and the grading and drainage systems and that the defendant Assured's inspection failed to detect any problems. The plaintiffs' complaint alleges breach of contract, negligence, intentional misrepresentation, negligent misrepresentation, violation of the Connecticut Unfair Trade Practices Act (CUTPA), breach of the implied warranty of merchantability, and negligent inspection.
The defendant Assured (defendant) has filed a motion to strike counts nine (CUTPA), ten (breach of implied warranty of merchantability), eleven (CUTPA), twelve (CUTPA), thirteen (negligent breach of contract) and fourteen (CUTPA) of the amended complaint.[1]
 I
The defendant moves to strike count nine on the ground that it fails to state a legally cognizable cause of action.[2] In count nine, the plaintiffs reallege the claims they made in count eight and append a claim for violation of CUTPA. In count eight, the plaintiffs allege that the defendant breached the inspection contract by failing to detect defects to the roof and/or ceiling, the basement and the grading, drainage and/or septic system. The defendant argues that while a violation of CUTPA may be established on the same facts as establish a breach of contract, the plaintiffs must also allege substantial aggravating factors in order to qualify for CUTPA relief.
The plaintiffs argue in opposition that the defendant's reliance on representations from the defendant realtor Carolla as to leakage in the home instead of performing its own investigation, and the defendant's failure to discern and note obvious signs that the basement was damp, constitute substantial aggravating factors such that the plaintiffs may recover under CUTPA. CT Page 14038
Connecticut General Statutes § 42-110b (a), CUTPA, provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "In determining whether certain acts constitute a violation of this act, we have adopted the criteria set out in the cigarette rule by the federal trade commission . . . (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or businessmen.)]." (Internal quotation marks omitted.) Williams Ford, Inc. v. Hartford CourantCo., 232 Conn. 559, 591-92, 657 A.2d 212 (1995). "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. . . . Thus a violation of CUTPA may be established by showing either an actual deceptive practice or a practice amounting to a violation of public policy. Furthermore, a party need not prove an intent to deceive to prevail under CUTPA." (Citations omitted; internal quotation marks omitted.)Cheshire Mortgage Service, Inc. v. Montes, 223 Conn. 80, 105-106,612 A.2d 1130 (1992).
"The first prong, however, standing alone, is insufficient to support a CUTPA violation, at least when the underlying claim is grounded solely in negligence." Thames River Recycling, Inc. v.Gallo, 50 Conn. App. 767, 788, 720 A.2d 242 (1998). Similarly, as I observed late last year, "[a] majority of Superior Court cases support the claim that [a] simple breach of contract . . . does not amount to a violation of [CUTPA]; a [claimant] must show substantial aggravating circumstances to recover under the Act.Emlee Equipment Leasing Corp. v. Waterbury Transmission, Inc.,41 Conn. Sup. 575, 580, 595 A.2d 951, 3 Conn. L. Rptr. 711 (1991); see also Bonnell v. United Parcel Service, Superior Court, judicial district of Danbury, Docket No. 315927 (February 7, 1997) (18 Conn. L. Rptr. 646); The Production Equipment Co. v.Blakeslee Arpaia Chapman, Inc., Superior Court, judicial district of New Haven at Meriden, Docket No. 247485 (January 3, 1996) (15 Conn. L. Rptr. 558); LoMonte v. Rice, Superior Court, judicial district of Hartford at New Britain, Docket No 441735 (January CT Page 14039 30, 1991) (3 Conn. L. Rptr. 189); Central Delivery Service ofWashington, Inc. v. People's Bank, Superior Court, judicial district of Hartford at New Britain, Docket No. 438015 (October 1, 1990) (Goldberg, S.J.) (2 Conn. L. Rptr. 449); Jarasek v.Chrysler House Associates Limited Partnership, Superior Court, judicial district of Hartford, Docket No. 338598 (December 2, 1988) (4 CSCR 73). A simple contract breach is not sufficient to establish a violation of CUTPA, particularly where a CUTPA count simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy. Petro v. K-Mart Corp., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 123768 (October 6, 1997, Pellegrino, J.)." (Internal quotation marks omitted.) Holeva v. M Z Associates, Superior Court, judicial district of New Haven, Housing Session, Docket No. 098403 (November 18, 1998).
"It is also true, however, that the same facts that establish a breach of contract claim may be sufficient to establish a CUTPA violation. Lester v. Resort Camplands International, Inc.,27 Conn. App. 59, 71, 605 A.2d 550 (1992). Where the plaintiff alleges sufficient aggravating circumstances, beyond a mere breach of contract that may bring the case within the cigarette rule, the CUTPA claim may withstand a motion to strike. Petro v.K-Mart Corp., supra, Superior Court, Docket No. 123768; CNFConstructors, Inc. v. Culligan Water Conditioning Co., Superior Court, judicial district of New Haven at Meriden, Docket No. 242302 (September 9, 1993)." (Internal quotation marks omitted.)Id.
In the present case, the plaintiffs have not pleaded any substantial aggravating circumstances as to the defendant's alleged breach that would bring it within the ambit of the cigarette test. The plaintiffs have merely alleged that the defendant breached the inspection contract. For this reason, count nine fails to satisfy this test. The defendant's motion to strike count nine is granted.
 II
The defendant also moves to strike count ten on the ground that it fails to state a legally cognizable cause of action for breach of the implied warranty of merchantability. In count ten, the plaintiffs allege that the inspection report constitutes CT Page 14040 "goods" within the meaning of Article 2 of the UCC; General Statutes § 42a-2-105; giving rise to an implied warranty of merchantability. The defendant argues that the inspection report does not constitute a good within the meaning of § 42a-2-105.
The plaintiffs in opposition merely conclude that the inspection report is a good within the statute's meaning.
"`Goods' are defined in General Statutes § 42a-2-105 (1) as `all things, including specially manufactured goods, which are moveable at the time of identification to the contract.'"
Incomm, Inc. v. Thermo-Spa, Inc., 41 Conn. Sup. 566, 569,595 A.2d 951 (1991) "In . . . hybrid transactions [where a party purchases both services and goods], the question becomes whether the dominant factor or `essence' of the transaction is the sale of the materials or the services." Id., 570. The essence of what the plaintiffs purchased was information, not paper. Therefore, the inspection report does not constitute `goods' within the meaning of § 42a-2-105 (1) and the defendant's motion to strike count ten is granted.
 III
The defendant also moves to strike count eleven on the ground that it fails to state a legally cognizable cause of action for violation of CUTPA based on a violation of the implied warranty of merchantability (count ten). Because the tenth count has been stricken, the eleventh count falls with it. See Neely v. 36Catoonah St. Co., Superior Court, judicial district of Danbury, Docket No. 314574 (April 12, 1994). The defendant's motion to strike count eleven is granted.
 IV
The defendant also moves to strike count twelve wherein the plaintiffs claim that the clause in the inspection contract that limits the defendant's liability is unconscionable and a CUTPA violation. The defendant argues that insofar as the plaintiffs have not alleged damage arising from the liquidated damage provision, they cannot establish a CUTPA violation.
The plaintiffs argue in opposition that § 2-302 of the UCC applies an unconscionability test to transactions involving goods and that cases have "found a breach of said CT Page 14041 [unconscionablity] standard in contracts, based upon the remedies provided in such contracts."
"The contract in this case was a preprinted form. Courts have shown a tendency to hold contracts of this type [to be] against public policy when entered into by professional service providers in the course of dealing with the general public. . . . Such provisions have been upheld, however, under appropriate conditions, such as the assent of both parties." (Citation omitted.) Mattegat v. Klopfenstein, 50 Conn. App. 97, 103-04,717 A.2d 276, cert. denied, 247 Conn. 922, 722 A.2d 810 (1998) (limitation of liability provision unenforceable as no mutual assent). However, even assuming that the clause is unconscionable and against public policy, simply including it in an otherwise valid contract does not violate the cigarette test. Cf. EdartTruck Rental Corp. v. B. Swirsky Co., 23 Conn. App. 137, 145,579 A.2d 133 (1990). Moreover, the reality is that the alleged negligence of the defendant, rather than any provision in its contract with the plaintiffs, caused the plaintiffs the damages about which they complain. Cf. Abrahams v. Young Rubicam, Inc.,240 Conn. 300, 307-08, 692 A.2d 709 (1997). The defendant's motion to strike count twelve is granted.
 V
The defendant also moves to strike count thirteen which alleges that the defendant was negligent in the performance of the inspection contract. The defendant argues that insofar as the plaintiffs allege breach of contract in count eight, they may not simultaneously maintain an action for negligence arising out of a duty created by that same contract.
The plaintiffs argue in opposition that Practice Book §10-21 provides that a complaint may present causes of action in contract or tort or both. In addition, the plaintiffs argue that absent a conflict between the rules of contract and tort, a plaintiff whose complaint presents causes of action sounding in both contract and tort may choose to proceed in contract, tort or both.
The plaintiffs are correct. Negligence is the breach of a duty to exercise reasonable care. See Burns v. Board ofEducation, 228 Conn. 640, 646, 638 A.2d 1 (1994). "A party may be liable in negligence for the breach of a duty which arises out of a contractual relationship. Sasso v. Ayotte, 155 Conn. 525, 529, CT Page 14042235 A.2d 636. Even though there may be a breach of contract, liability may arise because of injury resulting from negligence occurring in the course of performance of the contract. Dean v.Hershowitz, 119 Conn. 398, 409, 410, 177 A. 262; 65 C.J.S., Negligence, § 4(6)." Johnson v. Flammia, 169 Conn. 491, 496,363 A.2d 1048 (1975). The same or similar duty giving rise to an action for breach of contract may give rise to an action in tort. See Stowe v. Smith, 184 Conn. 199-200, 441 A.2d 81 (1981) and cases cited therein; See Dean v. Hershowitz, 119 Conn. 398, 406,177 A. 262 (1935). The case relied on by the defendant, MGA, Inc.v. Goellner, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 154820 (December 16, 1997,Karazin, J.) is not to the contrary. In MGA, Inc. v. Goellner,
the court simply held that the count sounding in tortious breach of contract was legally insufficient because it did not adequately allege facts showing "wanton and malicious injury, evil motive and violence. . . ." MGA is therefore, inapposite.
One who contracts to inspect a home for defects incident to another's purchase of that home is under a duty to exercise that degree of care which a skilled home inspector of ordinary prudence and skill would have exercised under the same or similar conditions. See Scribner v. O'Brien, Inc., 169 Conn. 389, 400,363 A.2d 160 (1975). When a negligent breach of contract is alleged, "the plaintiff must prove that the defendant knew or should have known of the circumstances that would foreseeably result in the harm suffered." Coburn v. Lenox Homes, Inc.,186 Conn. 370, 375, 441 A.2d 620 (1982). "Unless a particular conflict between the rules of contract and tort requires otherwise, a plaintiff may choose to proceed in contract, tort, or both." Stowe v. Smith, supra, 184 Conn. 199; Dean v.Hershowitz, supra, 119 Conn. 406. This court can discern no conflict arising from the plaintiffs' pleading in count thirteen that the defendants negligently breached the inspection contract. The defendant's motion to strike count thirteen is denied.
 VI
Finally, the defendant moves to strike count fourteen. In count fourteen, the plaintiffs reallege the claim they made in count thirteen for negligent breach of contract and assert that such conduct also constitutes a violation of CUTPA. The defendant argues that a CUTPA violation may not be based on the rendering of professional services. CT Page 14043
The defendant's argument would obviously eviscerate a good deal of CUTPA. The argument is based on cases such as Haynes v.Yale-New Haven Hospital, 243 Conn. 17, 699 A.2d 964 (1997) andHeslin v. Connecticut Law Clinic of Trantolo Trantolo,190 Conn. 510, 461 A.2d 938 (1983). These cases do not bear out the defendant's contention. In Haynes, supra, 243 Conn. 34, the Supreme Court restated prior holdings that the practice of medicine, like the practice of law, for public policy reasons, must be excluded from CUTPA. See also Beverly Hills Concepts,Inc. v. Schatz Schatz, Ribicoff Kotkin, 247 Conn. 48, 79,717 A.2d 724 (1998); Rumbin v. Baez, 52 Conn. App. 487, 489,727 A.2d 744 (1999). Haynes, however, also reiterated that the entrepreneurial and business aspects of the practice of medicine, like the practice of law, remain within the ambit of CUTPA.Haynes v. Yale-New Haven Hospital, supra, 243 Conn. 38. Because the defendant did not render medical or legal services to the plaintiffs, its services are presumptively within CUTPA's reach. The defendant's motion to strike count fourteen is denied.
In conclusion, the defendant's motion to strike counts nine, ten, eleven and twelve is granted. Its motion to strike counts thirteen and fourteen is denied.
BY THE COURT
Bruce L. Levin,Judge of the Superior Court